## KRAUS v. GENERAL MOTORS CORPORATION et al.

District Court, S. D. New York.
March 2, 1939.

Edward E. Hoenig, of New York City, for plaintiff.

John Thomas Smith, of New York City (George A. Brooks and Edward B. Wallace, both of New York City, of counsel), for defendant General Motors Corporation.

Henry M. Hogan, of New York City, for defendant AC Spark Plug Co.

CONGER, District Judge.

This is an action by Charles E. Kraus, an inventor, against General Motors Corporation and AC Spark Plug Company (formerly Champion Ignition Company). The complaint sets forth four separate causes of action, as follows:

First cause of action: Manufacture and sale by defendants of spark plugs, etc., embodying plaintiff's alleged patent, under exclusive license agreement granted to defendants by plaintiff, and defendants' failure to pay royalties to plaintiff as so required by the aforementioned agreement ($5,256,000).

Second cause of action: Breach of contract by defendants in that they failed to use plaintiff's alleged patent as required by the said agreement ($5,256,000).

Third cause of action: Breach of contract by defendants in that they failed to purchase from plaintiff certain materials defined in the agreement, to be used by defendants "in the manufacture of porcelain bodies and porcelain body mixtures and other compositions" solely for the use and manufacture of spark plugs, etc. ($100,000).

Fourth cause of action: Damages for fraud and deceit practiced by defendants, in depriving plaintiff of his patent and invention and of his rights under the exclusive license contract ($5,256,000).

Both defendants have made motions, of which those of the defendant General Motors Corporation will be considered first.

Said motion is for an order pursuant to Rules 8, 12 and 86 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c:

1. Dismissing the action and the amended complaint and each cause of action therein, as to defendant General Motors Corporation, on the ground that they fail to state a claim or claims against defendant upon which relief can be granted as against this defendant, or, in the alternative,

2. Requiring plaintiff to elect whether he will proceed under the First and Third causes of action in the amended complaint or under the Second cause of action therein, on the ground that the First and Third causes of action are inconsistent with said Second cause of action and striking out the causes of action and allegations in the complaint inconsistent with said election, or, in the alternative,

3. Requiring plaintiff to make said amended complaint against defendant General Motors Corporation more definite and

certain, to indicate whether an alleged guarantee of an alleged agreement of February 7, 1920 is an action against General Motors Corporation upon an agreement that General Motors Corporation has succeeded to all the rights and obligations of the defendant AC Spark Plug Company, and to make more definite and certain the nature of the alleged guarantee and/or assumption agreement and the extent to which plaintiff claims said guarantee and/or assumption agreement extends to General Motors Corporation in relation to said agreement of February 7, 1920, or, in the alternative,

4. Require plaintiff to separately state and number the causes of action set forth in the four separate causes of action alleged in his complaint, by setting forth as separate causes of action:

(a) Alleged guarantee of General Motors Corporation.

(b) Alleged assumption agreement of General Motors Corporation.

(c) Alleged agreement with AC Spark Plug Company, dated February 7, 1920, or, in the alternative,

5. Striking out the Fourth cause of action on the ground that it is irrelevant, immaterial and redundant, or, in the alternative,

6. Striking out, as immaterial, irrelevant and redundant, paragraphs of the amended complaint numbered "Eighth", "Eleventh", "Twelfth", "Thirteenth", "Fourteenth", "Thirty-third", "Thirty-fourth", "Thirty-fifth", "Thirty-ninth", "Fortieth", "Forty-second", "Forty-third", "Forty-fourth", "Forty-fifth", "Forty-sixth". Also parts of paragraphs "Thirty-first", "Forty-first", "Forty-seventh" and "Forty-eighth", which are allegedly repetitious.

Rule 8(f) of the Federal Rules of Civil Procedure provides as follows: "(f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice."

With this background, and in the spirit of liberal construction and interpretation in which these New Rules were promulgated, the Court will inquire into the sufficiency of the complaint and the several causes of action therein alleged.

The first cause of action is grounded in contract, and alleges, among other things, that on or about July 1, 1919, a contract was entered into, by and between plaintiff and defendant AC Spark Plug Company, or its assignor, whereby plaintiff contracted to sell and said defendant to purchase from plaintiff, a certain patented device or material, in return for which plaintiff was to be paid a certain amount of royalties, dependent upon the amount of sales embodying plaintiff's patent; that this said agreement was later superseded and modified by another agreement in writing between the same parties, on or about February 7, 1920 (both agreements being made a part of the amended complaint); that defendant General Motors Corporation dominated and controlled the policies of, that it knew of, consented to and authorized the contracts above mentioned of, that in October, 1927 it became the owner of all stock of, that in December, 1933 it became the assignee of plaintiff's patent from, that in April, 1937, it duly assumed and guaranteed the contractual obligations of, the defendant AC Spark Plug Company; that between February 7, 1920 and the commencement of this action, defendants directly and indirectly manufactured and sold spark plugs, etc., embodying plaintiff's alleged patent, alleging damage; that plaintiff has duly performed the said contracts and that defendants have failed and neglected to comply with the terms of said contracts.

■. I am of the opinion that the First cause of action states a cause of action in contract.

■ This and the subsequent motions do not go to the merits of the case; that will be considered and determined at the trial. This Court now is concerned only with the sufficiency of the pleading. Rule 8(a) (2) and (3) of the Federal Rules of Civil Procedure provides that the pleading shall contain:

"(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

"(3) a demand for judgment for the relief to which he deems himself entitled."

Plaintiff has undoubtedly complied with the above Rule, although the complaint could very well be couched in simpler and shorter verbiage. However, the Court does not deem the surplusage in this particular case to be sufficient cause for granting a dismissal of the action. Defendant contends that under Rule 9 of the Federal Rules of Civil Procedure, fraud must be alleged with particularity. This argument cannot be considered so far as

the First cause of action is concerned, for said cause is grounded in contract and not in fraud, a tort action.

As to defendant's second argument that there was alleged in the complaint no novation or assumption of the debts or obligations of the AC Spark Plug Company, by defendant General Motors Corporation, the Court is not in accord. On the contrary, although perhaps there is no allegation in the nature of a novation, nevertheless, paragraphs "Fifteenth" and "Sixteenth" of the amended complaint sufficiently allege an assumption by and a guarantee of the contractual obligations of the AC Spark Plug Company by defendant General Motors Corporation.

■ Defendant further contends that there is no consideration alleged for the assumption agreement; that there is no specific allegation that the agreement of February 7, 1920 was within the terms of the 1937 guarantee or assumption agreement, and that plaintiff did not rely upon the 1937 agreement. The Court can follow no such reasoning, inasmuch as an assignment is alleged for which no consideration is necessary. This proposition is well settled. Although there is no specific allegation that the 1920 agreement was within the terms of the 1937 assumption agreement, yet, a reading of paragraph "Fifteenth" of the said amended complaint, together with all the other allegations therein contained, will reveal the substance of the allegation in question. As to the reliance by plaintiff upon the 1937 agreement, that claim is also without foundation so far as the First cause of action is concerned, inasmuch as said action is in contract and not in tort.

■ The Court is of the opinion that the Second cause of action is sufficiently pleaded. Booth et al. v. Cleveland Rolling Mill Co., 74 N.Y. 15; Wilson v. Mechanical Orguinette Co., 170 N.Y. 542, 63 N.E. 550; Genet v. President, etc., Delaware & H. Canal Co., 136 N.Y. 593, 32 N.E. 1078, 19 L.R.A. 127; Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214. The Court again is not concerned with the merits of plaintiff's alleged claims, but only with the sufficiency of the complaint.

■ The Third cause of action prima facie states a claim for relief, which the Court will not disturb in view of the Court's ruling on the preceding causes.

■ The Court is convinced from a thorough study that plaintiff has sufficiently pleaded his Fourth cause of action, for fraud and deceit. Paragraph "Forty-eighth" of plaintiff's amended complaint sufficiently answers the contention of the defendant General Motors Corporation that there is no injury alleged. That paragraph alleges generally, plaintiff's injury, and, in the absence of any rule requiring a special allegation of injury generally, said allegation will be accepted as satisfactory. In addition, there are many allegations contained in and throughout the Fourth cause of action, showing injury and harm to the plaintiff.

Turning to the second remedy applied for, and in connection therewith, Rule 8 (a) (3) of the Federal Rules of Civil Procedure states in part as follows: "Relief in the alternative or of several different types may be demanded."

At the Proceedings of the Institute on Federal Rules, Dean Charles E. Clark stated, with reference to this rule that: "As a matter of fact, all that should be expected of either party or his attorney, is that he tell what he knows about the case, the accident or the breach, or whatever happens, and that he shall not be required to pick and stick to one theory of law or one theory of fact, only to find when he gets to trial that he has chosen the wrong one."

■ The Court is entirely in accord with the above, and is of the opinion that plaintiff need make no election at this time because of the inconsistency of his causes of action. Rule 8 is very clear and definite on this point. The case of Marie Catanzaritti et al. v. Lina Bianco, D.C., 25 F.Supp. 457, decided November 28, 1938, by Watson, D. J., may serve to elucidate the Rule. In that case, it is said that: "Under the present practice there is no objection to an action which proceeds on inconsistent theories entitling the Plaintiff to different remedies, depending on which theory is established. A party may set forth two or more statements of a claim alternately or hypothetically and may state as many separate claims as he has regardless of consistency and whether based on legal or on equitable grounds or on both (Federal Rule 8 (e) [28 U.S.C.A. following section 723c]), and relief in the alternative or of several different types may be demanded."

Defendant's contention is that the amended complaint, having been served on September 8, 1937, pursuant to Section 244 of the New York Civil Practice Act, is not controlled by the new Federal Rules of Civil Procedure.

Rule 86 of the Federal Rules of Civil Procedure provides that the Rules shall apply to all pending actions, unless in the opinion of the Court their applicability would not be feasible, or would work injustice. I am of the opinion that the new Rules should apply. Wham, D. J., in the case of Thermex Company v. C. F. Lawson, D.C., 25 F.Supp. 414, decided November 4, 1938, stated as follows: "Since the case is still in the pleading stage it would seem that in view of the provisions of Rule 86 it should be governed by the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c] even though the complaint and the motion to dismiss were filed prior to the effective date (September 16, 1938) of said rules."

Coming to the third remedy sought by the defendant General Motors Corporation, I am of the opinion that although there is undoubtedly superfluous pleading in the amended complaint, nevertheless it does apprise the defendants of the claim for relief to which they must answer.

The fourth remedy asked for is denied; the prayer to have stricken the Fourth cause of action is also denied.

Defendant further asks to have certain matters and paragraphs stricken from the complaint. The Court is of the opinion that said motion should be denied. Where no harm can come to the defendant, ordinarily the Court is very cautious about disturbing the pleading, unless the Court can clearly see that the allegations have no possible bearing upon the subject matter of the litigation. So here, although learned counsel might differ as to the superfluity of the pleading, yet the Court is of the opinion that few will argue that it is insufficient.

In Gerseta Corporation v. Silk Association of America, 220 App.Div. 302, 304, 222 N.Y.S. 7, 10, the court said: "The defendants further contend that numerous allegations of the complaint are incompetent and irrelevant, and that they should be stricken out on that account, as well as for other reasons. Motions to strike out parts of a pleading as irrelevant and redundant are not favored by the court. Where, under any possible circumstances, evidence of facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied. If the complaint sets out more than is required to sustain the action, such matters cannot be said to be irrelevant or redundant, although they may be intermingled with essential allegations, expressions, and language not strictly speaking necessary. * * * To eliminate all such matter, which upon a critical analysis might seem irrelevant or redundant, would endanger the structure upon which the plaintiff's cause of action is founded."

The defendant AC Spark Plug Company has made a motion almost identical with that of the defendant General Motors Corporation, asking for practically the same relief. That motion is disposed of in the same manner and with the same finality as the motion of the defendant General Motors Corporation.

Defendant AC Spark Plug Company admits the sufficiency of the allegations of the First cause of action, but urges that the allegations therein not relating to it be stricken out. With this contention I am not in accord, inasmuch as the action is against the two aforementioned defendants, and upon allegations through which plaintiff claims they are bound jointly and/or severally. Therefore, it is quite proper for the Court not to disturb the said pleading. Furthermore, no harm can come to defendant AC Spark Plug Company by the pleading as presently framed.

The motions are denied as above stated. Submit orders on notice.