## CHICAGO PNEUMATIC TOOL CO. v. ZIEGLER.

### No. 9493.

District Court, E. D. Pennsylvania.

July 12, 1941.

Morgan, Lewis & Bockius, of Philadelphia, Pa., and Watson, Bristol, Johnson & Leavenworth, of New York City, for petitioner.

Joseph G. Denny, Jr., of Philadelphia, Pa., for respondent.

GANEY, District Judge.

The petitioner filed a petition for a declaratory judgment alleging that the controversy was justiciable under the Declaratory Judgment Act, Title 28, U.S.C.A. § 400, by reason of certain contracts hereinafter referred to, entered into between the petitioner and respondent. An answer was filed to the petition by the respondent together with a counterclaim, and to this answer and counterclaim, the petitioner filed a motion to strike, alleging (1) that the respondent's answer and counterclaim violated Rule 8(a), (b) and (e) 1 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and (2) alleging that certain paragraphs of the counterclaim are irrelevant and immaterial as well as containing evidentiary pleading, and (3) requesting that the respondent furnish a more definite statement as to three paragraphs of her counterclaim, and (4) requesting that twenty days be permitted after the determination of the motion within which to file petitioner's reply to the counterclaim, and (5) such other relief as may be just in the premises.

The petitioner is a corporation, incorporated under the laws of the State of New Jersey, with its principal office located in the City of New York, and whose business is the manufacturing and selling of tools, engines, machines, drills, hammers, etc. The respondent, Louise A. H. Ziegler, is substituted for Anna G. Haeseler, deceased, who was the executrix under the will of Charles H. Haeseler, deceased, who was an inventor. Previous to January 27, 1919 Charles H. Haeseler had certain patents pending and had entered into certain contracts with the petitioner, one of which was a contract of employment dated June 9, 1914; another dated June 9, 1914 related to an application for a patent entitled, "Improvements in Drilling Machines", which eventuated in Letters Patent Serial No. 1,146,870, dated July 20, 1915 and another contract dated January 20, 1917 related to an application for Letters Patent Serial No. 83,470 for pneumatic percussive tool which eventuated in Letters Patent Serial No. 1,240,780 dated September 18, 1917.

On that date, to wit, January 27, 1919, an agreement was entered into between the petitioner and respondent, designated as Exhibit 1, wherein, the exclusive right to make and sell the several inventions to which the foregoing patents and applications relate, were embodied, and which specifically canceled the contracts aforementioned by so stating and substituting therefor new provisions. Under the agreement, the respondent granted to the petitioner inter alia the exclusive right to make and sell "the several tools, machines and devices embodying the inven-

tions described and claimed in the aforesaid Letters Patent and applications, throughout the United States of America and the territories thereof, and throughout the several foreign countries, to the full end of the terms for which said Letters Patents are or may be granted, in the United States of America and in the several foreign countries, except as hereinafter provided". Further, certain royalties were agreed to be paid by the petitioner to the respondent on the sales of the various tools and machines. The petitioner agreed to keep full and proper books of account showing all the tools, machines and devices sold by it, covered by the Letters Patent, and give to the respondent the right to have access during business hours to examine the same. The petitioner also agreed to forward to the respondent before the fifteenth day of each month a statement showing the number of machines, tools and devices sold during the preceding month, including the date of each invoice of sale, the number of tools sold, the total amount of the sales and the parties to whom sold. The petitioner agreed to pay to the respondent a minimum royalty of $10,000 for each and every year during the term of the contract to be paid in monthly installments on the first day of each month, such payments to be credited on account of the royalties before referred to. The respondent further agreed not to engage in any other business competitive to the business of the petitioner, and also in the event of his obtaining Letters Patent relating to improvements in the tools, machines, and devices manufactured and sold by virtue of the agreement, he would grant to the petitioner the exclusive right to make and sell such improvements under Letters Patent that were obtained under the terms before set forth.

The second agreement was entered into between the petitioner and respondent on the 27th day of January, 1921 wherein for a consideration of $2,000 the respondent granted to the petitioner the exclusive right to make, use and sell the portable pneumatic drills under Serial No. 306,533 and Serial No. 314,630 for which applications for Letters Patent had been made; in addition for the same consideration the respondent inter alia granted to the petitioner the exclusive right to make, use and sell "any tools, machines and devices that may be invented by the Licensor during the continuance of the said agreement between the Licensor and Licensee, dated the 27th

day of January A. D. 1919, subject to the terms of that agreement, whether or not such tools, machines and devices be of the same class as the particular tools, machines and devices referred to in said agreement, or be improvements thereon". Further, it was agreed that this agreement was to be supplemental to and form a part of the said agreement dated the 27th day of January, 1919.

The controversy concerns itself with whether or not the terms of the contracts are ended, as it is contended by the petitioner that the last patent specifically identified in the license agreement expired April 30, 1936; and the contention of the respondent is that there are still other patents pending, the last of which will not expire until July 5, 1944. However, this question is not to be passed on under the present state of the record since this is merely a motion to strike.

■ Accordingly, considering the allegations set forth in the petitioner's bill as hereinabove indicated, it cannot be said that the answer filed by the respondent is so verbose and prolix and states such evidentiary matter as would make it objectionable under subsections (a), (b), (e) 1. Motions to strike out the whole pleading such as is here requested—the striking out of the answer in its entirety for irrelevancy and redundancy—are not favored by the court since where under any possible circumstance, evidence of facts pleaded in the allegations sought to be stricken out, have any bearing on the subject matter of the litigation, the motion will be denied. It may be that here much more is set out than is required to sustain the answer, and yet such cannot be said to be irrelevant or redundant, even though there may be intermingling with necessary averments, expressions and language not strictly speaking necessary. Accordingly, while there may be portions of the answer which contain allegations not absolutely essential, it cannot be said that they are so violative of the rule of procedure which requires short and concise statements, as to fall within its ban.

■ However, with respect to the averments of the counterclaim there are gross violations of the rule and accordingly much thereof must be stricken. Request has been made by the petitioner for the striking of certain paragraphs of the counterclaim and these will be disposed of ad seriatim:

(1) Paragraph 17, this averment is immaterial and irrelevant since it is merged in the agreement of January 17, 1919, designated as Exhibit 1, and must be stricken.

(2) Paragraph 18 is stricken for the same reason.

(3) Paragraph 19 is stricken for the same reason.

(4) Paragraph 20 is stricken for the reason that the averments are irrelevant and immaterial to the issue.

(5) Paragraph 21 is stricken for the same reason as paragraph 20.

(6) Paragraph 22 is stricken for the same reason as Paragraph 20.

(7) Paragraph 23 is stricken for the reason that it is merged in the agreement of January 27, 1919.

(8) Paragraph 24 is stricken for the reason that it is irrelevant and immaterial to the issue.

(9) Paragraph 25 is stricken for the reason that it is irrelevant and immaterial to the issue.

(10) Paragraph 26 is stricken for the reason that it is irrelevant and immaterial to the issue.

(11) Paragraphs 32, 33 and 51 are stricken for the reason that the rotary piston drill Serial No. 314,630 for which application for a patent had been made was never perfected, and no patent was ever issued, accordingly, these averments are irrelevant and immaterial.

(12) Paragraph 34 is stricken for the reason that it pleads evidentiary matter, the paragraph containing nothing but a letter from Chicago Pneumatic Tool Company to Charles H. Haeseler, the content of which is immaterial to the issue.

(13) Paragraphs 35, 36 and 37 are stricken for the reason that they relate to alleged inventions of the respondent, the patent application for which was filed and rejected and no patent issued thereon, accordingly, these averments are irrelevant and immaterial.

(14) Paragraph 40 is stricken for the reason that it is irrelevant and immaterial.

(15) Paragraph 41 is stricken for the same reason.

(16) Paragraph 43 is stricken for the same reason.

(17) Paragraph 45 is stricken for the reason that it is repetitious and redundant and merely asserts that which is set forth in paragraph 44.

(18) Paragraph 49, so much of Paragraph 49 beginning with the words, "as follows", etc., line 17 on page 14 of the counterclaim to the end thereof, is stricken as being evidentiary matter.

(19) Paragraph 51 is stricken for the reason that no patent was issued and accordingly the averment is irrelevant and immaterial.

(20) Paragraph 52, request to strike paragraph 52 is denied.

(21) Paragraph 53 is stricken for the reason that it pleads evidentiary matter, averring solely a letter from the petitioner to the respondent.

(22) Paragraph 54, the request to strike paragraph 54 is denied.

(23) Paragraph 59, so much of paragraph 59 beginning with the words, "On March 1, 1928" on line 5 of page 17 of respondent's counterclaim to the end thereof, is stricken for the reason that it pleads evidentiary matter.

(24) Paragraph 63 is stricken for the reason that it is irrelevant and immaterial to the issue.

(25) Paragraph 65, the request to strike paragraph 65 is denied.

(26) The request to strike facts alleged in the last six lines of the Wherefore Paragraph of the respondent's counterclaim is denied.

■ (27) The third reason set forth in the plaintiff's motion to strike, which requests a more definite statement as to Paragraphs 60, 61 and 62, is denied for the reasons that the averments in said paragraphs set out in sufficient detail, the subject matter of that part of the respondent's counterclaim, to which the petitioner can intelligently answer, the more so since the Letters Patent issued January 29, 1924 set out in Paragraph 60 is specifically enumerated in the agreement of January 27, 1921 and for the further reason that the applications for the patent were filed through and handled by a patent attorney, approved by the petitioner, and accordingly it would seem that a more specific statement with respect to it as well as to the other patents set forth in Paragraphs 61 and 62, which were likewise handled by a patent attorney approved by the petitioner would be merely giving details already in the possession of the petitioner. In denying these requests for a more specific statement in Paragraphs 60, 61 and 62 it is to be kept in mind that the

court is in no wise at this time construing or giving effect to the agreements designated as Exhibits 1 and 2 herein as such, since these will be passed upon by the court when the reply and answer is made hereto.

Accordingly, twenty days from the filing of this opinion is given to the petitioner to make answer to respondent's pleadings in conformity with this opinion.