## TOPPING v. FRY et al.

### No. 8691.

Circuit Court of Appeals, Seventh Circuit.

March 7, 1945.

Meyer Abrams, of Chicago, Ill., and Joseph Nemerov and Maurice Dix, both of New York City (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellant.

Sigmund Livingston, Harry H. Kahn, and Archie H. Siegel, all of Chicago, Ill. (Lederer, Livingston, Kahn & Adsit, of Chicago, Ill., of counsel), for appellees.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from an order of the District Court denying plaintiff's motion for oral argument, granting defendants' motions to dismiss, and dismissing the complaint with costs to defendants. The order does not show on what grounds the dismissal was based.

Plaintiff described his suit as one "to recover his damage from the failure to exploit plaintiff's patents for asphalt roofing shingles, and nationally to advertise, create a demand for and market asphalt roofing shingles produced under plaintiff's patents." Two corporations and an individual are named in the complaint as participating in the transactions which are alleged to have given rise to the cause of action, but plaintiff states in his complaint that he refrained from naming one of the corporations as a party defendant for the reason that joinder of it would have deprived the court of jurisdiction which was based on diversity of citizenship.

Attached to the complaint is a contract signed only by plaintiff and the individual defendant, Fry. Plaintiff asserts that this contract "fails to express the real and true interest and obligations of the two corporations and should be reformed by inserting" the two corporations as parties thereto. However, it pleads no mutual mistake, nor does it ask such relief in its prayer, asking only for damages.

According to the terms of the contract, dated January 20, 1936, plaintiff granted Fry an exclusive license to manufacture shingles under five patents owned by plaintiff. Fry agreed to grant a sublicense to the Fry Company for manufacture and sale of the shingles, "it being the intent of the parties to provide for National Distribution." Fry agreed to provide for national advertising through established advertising

and sales mediums. Royalties were specified. The contract recited that plaintiff was already under contract with the Certainteed Products Corporation, dated March 27, 1934, according to the terms of which contract Certainteed was to have the right to accept or reject the terms of any offer made by any other dealer for exclusive license, and that if Certainteed elected to accept the offer under the same terms as offered by Fry, the contract (with Fry) "is immediately cancelled and becomes Null and Void." The contract further provided that should Certainteed reject the offer, plaintiff would cause it to execute a cancellation of its contract and release plaintiff from all obligations thereunder, and that, "If and When (within the time limit specified as of January 31st, 1936) Topping shall deliver the instrument cancelling the agreement of March 27th, 1934, in its entirety and releasing Topping and his assignees from all obligations thereunder, duly acknowledged * * * Then, and in that event, this agreement between Topping and Fry will be binding * * *."

The complaint is so poorly drafted that it is difficult to determine upon what theory the action is based. It contains ninety-nine paragraphs, par. 95 being an allegation that "Plaintiff has duly performed all the terms, covenants and conditions of the herein-described agreement on his part to be performed." Much of the matter is out of place in a bill of complaint based on any theory of action, and is particularly irrelevant in that it describes activities of a third party who is specifically excluded from the complaint for jurisdictional reasons. This matter was, of course, subject to being stricken had defendants filed their motion to that effect. The complaint certainly violates Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, but that would not warrant a dismissal on the merits without an opportunity to amend.

Defendants filed separate motions to dismiss the complaint, directed both to jurisdiction and to the merits. The Company asserted four grounds for its motion: (1) That the complaint was based on a written contract to which it was not a party and, as shown by the complaint, was not intended to be a party; (2) laches; (3) that the complaint showed that damages, if any, would be purely speculative; and (4) that the complaint affirmatively showed failure to obtain an agreement with Certainteed alleged to constitute a condition precedent to the effectiveness of the contract. Fry's motion to dismiss asserted three grounds: (1) That the complaint was a gross and flagrant violation of Rule 8(a) of the Federal Rules of Civil Procedure; (2) that the damage claimed was so speculative as to render it impossible to calculate an amount, and that if any recovery were permitted it would be limited to nominal damages which would fall far short of the amount necessary to confer jurisdiction on the federal court; (3) that the complaint showed on its face that the agreement sued upon was without force or effect for failure of the condition precedent.

Without permitting oral argument or granting plaintiff an opportunity to amend his complaint if he so desired, the court dismissed the complaint summarily, making no statement as to which of the diverse grounds stated by the two defendants in their motions to dismiss it relied upon as a basis for its action. Of course this dismissal operated as a dismissal with prejudice, and that being the case, we think plaintiff was entitled to know on what grounds the action was based. At least one of the reasons asserted by Fry obviously and admittedly furnished no basis for dismissal with prejudice, and we cannot say that any of the grounds was so obviously good as to sustain such a motion to dismiss.

We first look at the jurisdictional issue, lack of jurisdictional amount, since if that were in fact lacking, the District Court should have dismissed on that ground and had no reason for dismissing on the merits. See Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85. As to this, we cannot say that it would be impossible under any view of the pleadings for him to prove damages of more than $3000 exclusive of costs and interest. The cases, McNutt v. General Motors Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, and KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183, deal with the problem of jurisdictional amount where suit was originally brought in the federal court, a problem somewhat different from that presented by the removal cases. We think the rule to be drawn from these two cases is that a formal allegation that the amount involved is in excess of $3000 exclusive of interest and costs, is sufficient unless the bill contains other allegations which so qualify or detract from

it that when all are considered together it cannot be said that jurisdiction appears on the face of the complaint, in which case the suit should be dismissed sua sponte or on defendant's motion. But when the allegation stands alone, the court may enter upon an inquiry to ascertain whether or not the plaintiff can support his allegation by competent proof. And if the allegation is challenged by defendant in appropriate manner, as here, it is the duty of the court to institute such inquiry, and plaintiff has the burden of proving his allegation of jurisdictional facts. We think the corollary to this is that where a plaintiff makes a formal allegation which defendant challenges by motion to dismiss in general terms, plaintiff is entitled to opportunity to establish his jurisdictional facts unless it is clear from the face of the pleadings that that would be impossible; and that inquiry into jurisdiction, if such be required, should be made before consideration of the merits. On the record here presented we cannot say that jurisdictional amount is not involved, and if this were the ground on which the District Court based its order of dismissal it was in error, in the absence of even the oral argument requested by plaintiff in response to defendants' motions to dismiss.

■ Defendants admit that the first reason asserted by Fry for dismissal does not entitle them to judgment on the merits, but they contend that the claim of the plaintiff "as disclosed upon the face of the complaint, shows that plaintiff is entitled to no relief and that the defect in this regard, patently and fundamentally, is beyond the reach of amendment." As to this the principal point urged in this court is the unenforceability of the contract for indefiniteness of its terms. This question was not raised in either motion to dismiss, yet if the error thus newly assigned is obvious we may consider it in support of the court's ruling. However, we think such alleged defect in the contract is not one that cannot be cured by amending the complaint, if opportunity be given, and it furnishes no proper basis for dismissal on the merits.

■ The principal question here presented is that the complaint shows on its face that plaintiff failed to obtain the agreement which was a condition precedent to effectiveness of the contract. We do not agree. We think the complaint sufficiently complied with Rule 9(c) which permits a general averment that all conditions precedent have been performed or have occurred, and provides that a denial of performance or occurrence shall be made specifically and with particularity. See United States v. Dixon, D.C., 36 F.Supp. 147. It is not true that the complaint shows absence of the condition precedent on its face. The most that could be said as to this is that it fails to set up the agreement asserted to constitute a condition precedent. However, in view of the allegation of ¶95 that plaintiff has duly performed all the terms and conditions on his part to be performed, we think no more was required under Rule 9(c). This is particularly true in view of the serious inconsistency between two paragraphs of the contract dealing with the prior existing Certainteed agreement. We note that according to one paragraph the contract here in issue is to be cancelled and become null and void if Certainteed accepts the same terms as offered to Fry, while under the next following paragraph, the contract is not to become effective until the plaintiff delivers to Fry a release from Certainteed. The parties do not explain how the contract which is to become void on the happening of one event is not to become effective until the happening of another event. However, plaintiff avers performance of all conditions and terms, and defendants do not deny this averment.

■ As to the Company's assertion of laches in its motion to dismiss, here again, under the provision of Rule 8(c), this is a matter of affirmative defense, not to be set up for summary disposition by motion to dismiss. Since a written contract executed in 1936 is involved, the pertinency of the defense of laches to an action started in 1944 is not apparent, at least so far as Fry is concerned. Since we are convinced that further proceedings must be had, including clarification of the complaint, if plaintiff so desires, we express no opinion as to the place of the Company in the contract scheme.

■ We think plaintiff should have been given an opportunity to clarify his complaint. The very deficiencies of the pleading seem to furnish all the more reason why it should not have been dismissed on defendants' motions without leave to amend.[1] From the welter of immaterial facts stated in the complaint here involved

---

[1] Cf. Cool v. International Shoe Co., 8 Cir., 142 F.2d 318, where it was held that although each of three amended complaints was worse than its predecessor, it was er-

we think it is possible to spell out a cause of action based on allegations of a contract, performance by plaintiff, and failure to perform on the part of at least defendant Fry, and possibly the Company.[2] See Kraus v. General Motors Corporation, D.C., 27 F. Supp. 537. Under the liberalized procedure provided for by the new rules, we think it is error to dismiss a complaint with prejudice if it appears that any relief could be granted on the facts stated. See Cyclopedia of Federal Procedure (2d Ed.) Vol. 5 § 1601. As stated in Moore's Federal Practice, Vol. 1, § 8.01, "Litigation is not an art in writing nice pleadings. It can and should seldom be settled on its merits at the pleading stage * * *."

Judgment reversed and cause remanded for further proceedings.

---

ror for the District Court to dismiss with prejudice where the plaintiff stated a claim on which relief could have been granted.

[2] The contract here set out appears to be somewhat similar to one involved in Mechanical Corporation v. General Motors Corporation, 2 Cir., 144 F.2d 720, where the Court of Appeals for the Second Circuit discusses the implied obligations devolving upon an exclusive licensee to exploit the patents involved in the license.