**CHICAGO, B. & Q. R. CO. v. FRIEDBERG.**

**No. 5375.**

United States District Court
W. D. Missouri, W. D.

Dec. 29, 1948.

H. M. Langworthy, Clyde J. Linde and E. F. Halstead, all of Kansas City, Mo. (J. A. Lydick, of St. Joseph, Mo., and Langworthy, Matz & Linde, of Kansas City, Mo., of counsel), for plaintiff.

James P. Aylward and Terence M. O'Brien, both of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This being an action for specific performance, the defendant bases his motion to dismiss upon the theory that the plaintiff has failed to allege the performance of a condition precedent on its part to warrant relief in its favor.

The contract involved the sale by the defendant of several parcels of land located in Clay County, Missouri. The stipulated price was $13,500 and the contract contains a recital as to consideration:

"Thirteen Thousand Five Hundred & No/100 Dollars $13,500.00 to be paid by the buyer as follows Five Hundred & No/100 Dollars $500.00 at the signing of this contract, the receipt whereof is hereby acknowledged by the seller and which is deposited with seller as a part of the consideration of the sale; * * *."

In his memorandum the defendant says that the $500 has not been paid and therefore he is entitled to have the complaint dismissed. A motion to dismiss, like its predecessor, the demurrer, challenges the sufficiency of the complaint to state a cause of action. Such challenge is directed to the face of the complaint.

The complaint under consideration shows a contract and contains the averment that:

"Plaintiff, at all times, has stood ready, able and willing to perform all its obligations under said agreement, and is now ready and willing to fulfill said agreement on its part, and to accept from defendant a deed, properly executed and conveying said property to defendant as provided in said agreement, and to pay the agreed purchase price to defendant."

An examination of the complaint does not disclose any default upon the part of the plaintiff. It is true that it has an averment that the purchase price is yet to be paid yet no adverse inference can be drawn from this averment which, in the light of other averments, must be treated as a clerical error.

In construing paragraph (c) Rule 9, Federal Rules of Civil Procedure, 28 U.S.C.A., with respect to the performance of conditions precedent, the Court of Appeals, Seventh Circuit, in Topping v. Fry, 147 F. 2d 715, loc. cit. 718, said on a similar motion (which motion was sustained by the trial court):

"However, in view of the allegation of paragraph 95 that plaintiff has duly performed all the terms and conditions on his part to be performed, we think no more was required under Rule 9(c). This is particularly true in view of the serious inconsistency between two paragraphs of the contract dealing with the prior existing Certainteed agreement."

It may be that the defendant has a good defense and would be justified in claiming that he was discharged from his obligation because of plaintiff's default. However, such a defense would not warrant the dismissal of a complaint which states a cause of action and tenders a contract which does not disclose any conditions precedent to be performed by the plaintiff.

In view of the above, the motion to dismiss should be overruled and it will be so ordered.