380 P.2d 513

**Mildred Lillybelle PEOPLES and Martha V. Hambaugh, Plaintiffs-Appellants,**

**v.**

**James M. PEOPLES et al., Defendants-Appellees.**

**No. 7160.**

Supreme Court of New Mexico.

March 29, 1963.

Reese P. Fullerton, Scottsdale, Ariz., Glenn O. Young, Sapulpa, Okl., for appellants.

J. L. Leftow, Albuquerque, for James M. Peoples.

Irving E. Moore, Albuquerque, for David F. Cargo.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for Stephen D. Hambaugh, John W. Myers, Alan Jacobson and Sandia Ranch Sanatorium, Inc.

Alexander F. Sceresse, William J. Bingham, Albuquerque, for Marguerite K. Armijo.

Joseph L. Smith, Albuquerque, for Eva C. Thomas.

Sutin & Jones, Albuquerque, for Richard C. Civerolo.

Stanley P. Zuris, Albuquerque, for Edward G. Parham.

MOISE, Justice.

On October 12, 1961, Mildred Lillybelle Peoples filed a complaint in district court naming as defendants thirteen individuals and one corporation. In her brief on this appeal she states that the complaint was "for personal injury and denial of civil rights resulting from unlawful arrest, unauthorized confinement, and mal-treatment in the city jail, in Bernalillo County-Indian Hospital, and in the Sandia Ranch Sanatorium in Albuquerque."

Her complaint is in three causes of action, containing forty-one numbered paragraphs in the first cause of action, and one paragraph in each the second and third. Seventy-three pages of the transcript are required to set forth the complaint and attached exhibits.

On the same date, Martha V. Hambaugh filed a similar complaint for generally the same relief. Her complaint names as defendants all of those named in the Peoples complaint with two exceptions, and names one defendant not named in the Peoples complaint. The complaint contains thirty-four numbered paragraphs in the first cause

of action, and a one-paragraph second cause of action. It does not contain a third cause of action. It covers twenty-six pages of the transcript and has twenty pages of exhibits attached.

On December 11, 1961, counsel for Stephen D. Hambaugh, a defendant in both cases, filed substantially identical motions in each case. The motions complained that the first count of each complaint failed to comply with Rules 8(a) and (e) of the Rules of Civil Procedure and should be made to conform therewith; that it contained redundant, immaterial, impertinent and scandalous matter which should be stricken under Rule 12(f); that several claims were founded in separate transactions and occurrences, and presented different questions of law and fact and different claimed liabilities so that pursuant to Rule 10(b) they should be stated in separate counts; that because the allegations of liability were vague and ambiguous, a more definite statement as to acts of movant out of which liability arose should be required; that because counsel had failed as required by Rule 11 to sign the complaints that the verification should be stricken and counsel required to comply with the rule; and that the complaint should be dismissed for failure to state a cause of action.

A hearing was had on these motions on December 18, 1961, in the two cases as if consolidated, and on December 19, 1961, an order was entered sustaining all the motions and striking and dismissing the complaints "with prejudice and without leave to amend as to all defendants," whether or not they had appeared in the action. On the next day, December 20, 1961, counsel for plaintiffs filed their "Motion to vacate order and judgment and for new trial" in the two cases, specifying thirteen grounds for relief. After hearing, this motion was overruled, and this appeal forthwith taken in the two cases consolidated.

In order to fully understand what transpired, it is necessary that certain additional facts be related. On December 8, 1961, three days before the Stephen D. Hambaugh motion was filed, a copy of the motion and a notice of hearing on December 18, 1961 before John B. McManus, District Judge, was mailed to counsel for the plaintiffs at their respective addresses in Santa Fe, New Mexico, and Scottsdale, Arizona, as to one, and Sapulpa, Oklahoma, for the other.

At this time nothing had been filed in the case by any defendants except appearances by four attorneys on behalf of four individual defendants.

On December 15, 1961, Judge McManus was disqualified by affidavit filed in each case by plaintiffs. On the same date counsel for Stephen D. Hambaugh arranged with Robert W. Reidy, District Judge, to whom the case was automatically assigned pursuant to Second Judicial District Court Rule 33 (now Rule 36) upon disqualification of

Judge McManus, for a hearing at the time previously set. Counsel also took steps to notify plaintiffs' attorneys that the hearing would be held before Judge Reidy at the time previously noticed.

On the morning of December 18, 1961, affidavits of disqualification of Judge Reidy and all other resident judges were filed by plaintiffs' attorneys.

However, Judge Reidy proceeded to hold the hearing in the two cases as if consolidated. At the conclusion, he made several findings concerning the notice given concluding that it had been sufficient and proper and that he had jurisdiction to hear the matter. He then proceeded to enter the order of dismissal already noted.

. In the meantime, between December 11 and December 18, three motions generally similar to that filed on behalf of Stephen D. Hambaugh were filed by counsel for three other defendants; a motion to strike certain parts of the complaint was filed by counsel for one defendant. Two additional notices of hearing before Judge McManus on December 18, on behalf of two defendants, were mailed on December 11 and December 13. At the hearing on December 18, it appears that nine defendants were present by counsel. However, the only formal appearances in the case to that date were as noted.

It is clear from findings made in the order of December 19, following the December 18 hearing, and the proceedings at a hearing on plaintiffs' motion to vacate the order which was held on January 17, 1962, that the question of the sufficiency of the disqualification of Judge Reidy, and of the adequacy of the notice of the December 18 hearing were the principal matters considered. The fact of the presence of one of plaintiffs' attorneys in the court house on the morning of December 18, and his having absented himself from the hearing, was also noted.

▪ It is apparent to us that plaintiffs' counsel proceeded as they did because of mistaken ideas; first, that upon filing a disqualification of one of the resident judges nothing could occur in the case until a new judge was stipulated into the case by counsel or, upon failure to stipulate, until a judge was named by the Chief Justice; and second, that the resident judges could be disqualified by successive affidavits. That they were in error is clear from our decision in Rocky Mountain Life Insurance Company v. Reidy, 69 N.M. 36, 363 P.2d 1031.

It appears from plaintiffs' argument that, being unaware of the decision above, but knowing of our decisions in State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179 and State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937 which held submitting an issue to a judge for decision waives the right to disqualify him, the

plaintiffs thought they were on the horns of a dilemma. They had to decide whether they should appear at a hearing before a judge they considered disqualified, and chance waiver of the disqualification by their appearance, or stay away from the hearing and risk that the judge would disregard the affidavit and proceed. While it is true that they intentionally absented themselves from the hearing, the facts recited may serve to explain their conduct, if not to excuse it. We have taken the trouble to recite these facts in detail because it is clear to us that the trial judge was impressed that counsel were not conducting themselves properly, or showing the court the deference due it from members of the bar. That he could very well have come to this conclusion at the December 18 hearing we can readily understand.

Be all this as it may, is the order one that can stand so as to deny plaintiffs their day in court on the merits of their claim? That the complaint was subject to all the infirmities, defects and shortcomings pointed out in the Hambaugh motion and discussed in detail, infra, is clear beyond dispute. Also, that the suit is one containing elements of malicious prosecution, false arrest, and other equally distasteful and disagreeable aspects, which actions are generally not favored in the law, is equally clear. See Hughes v. Van Bruggen, 44 N. M. 534, 105 P.2d 494; Johnson v. Walker-Smith Co., 47 N.M. 310, 142 P.2d 546. We

are not unmindful of the seriousness of the charges made, the damage to reputations that may result if the allegations of wrongdoing cannot be sustained, and of the trouble, expense and worry that are unavoidable incidents to a suit of this character. Even so, should the complaints have been dismissed without a right afforded plaintiffs to try to make them sufficient and in conformity with the rules?

The rights of plaintiffs are equally entitled to the protection of the courts as are those of the defendants. If in fact plaintiffs have been wronged, as it is attempted to allege, it should be possible within our rules to frame a complaint so as to assert the right to damages against the wrongdoers. 1A Barron & Holtzoff, Federal Practice and Procedure 709, § 442

Plaintiffs make no convincing argument that the motions pointing out the various defects in their complaints did not have merit. A most casual examination of the complaints filed by the two plaintiffs discloses that they are indeed clearly violative of Rule 8(a) (§ 21–1–1 (8) (a), N.M.S.A. 1953) in that they do not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and of Rule 8(e) (§ 21–1–1(8) (e), N.M.S.A. 1953) in that the averments are not "simple, concise, and direct." To the contrary, they are long, complicated, verbose, contain numerous allegations of rumors, suppositions, slurs and innuendoes, and gen-

erally disregard the requirements of the rules.

■ Likewise, the complaints are replete with redundant, immaterial, impertinent and scandalous matter which it was proper to strike under Rule 12(f) (§ 21–1–1 (12) (f), N.M.S.A.1953). This is true even though we recognize that motions to strike for these reasons are not favored. 2 Moore's Federal Practice 2317, § 12.21; 1A Barron & Holtzoff, Federal Practice and Procedure, § 367; Chicago Pneumatic Tool Co. v. Ziegler, 40 F.Supp. 416; Jones v. Thunderbird Transportation Co., 178 F. Supp. 9. However, when parties will be prejudiced in their efforts to defend against any given complaint because of matter of this character, this rule may be invoked. In 2 Moore's Federal Practice 2318, § 12.21, the following language of Judge Delehant of the Federal District Court of Nebraska, in the case of Sinkbeil v. Handler, 7 F.R.D. 92, is quoted:

"This court acknowledges its entertainment of considerable sympathy with the thought that, short of abuse or practical impropriety, a reasonable latitude should be allowed to a pleader in the statement of his claim or defense; and that not every dubious or errant phrase in a pleading should be eradicated from it to suit the taste of a critical adversary. In practice, what matters is not alone whether the phrase is immaterial, but whether, its presence, if it be immaterial, is calculated to be harmful."

We are impressed that in the pleadings in the instant case there is present abuse and practical impropriety, and that the language used cannot be described as "dubious or errant" phrases. Also, the immaterial matter complained of, is to our minds "calculated to be harmful." It follows that the language of the complaint which comes within this description should be stricken.

This portion of the motion sought only striking of the allegations which offended against the rule—not the entire complaint. Generally, the entire complaint will not be stricken under this rule. Only those matters improperly pleaded, or which have no bearing on the lawsuit, should be stricken. Chicago Pneumatic Tool Co. v. Ziegler, supra.

The complaints disclose flagrant disregard of Rule 10(b) (§ 21–1–1(10) (b), N.M. S.A.1953) which requires that each paragraph in a complaint "be limited as far as practicable to a statement of a single set of circumstances," and that "each claim founded upon a separate transaction or occurrence * * * be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth."

It also appears that many of the allegations contain verbose, redundant and im-

material allegations which makes framing of a responsive pleading exceedingly difficult and arduous. Accordingly, a more definite statement of the claims was certainly in order under Rule 12(e) (§ 21–1–1 (12) (e), N.M.S.A.1953).

Rule 11 (§ 21–1–1(11), N.M.S.A.1953) was also disregarded in plaintiffs' complaints.

■ Notwithstanding all the foregoing, there is nothing in the motion thus far upon which to base dismissal of the entire actions. Topping v. Fry (7 Cir., 1945) 147 F.2d 715; Bareco Oil Co. v. Alexander (N. D.Iowa 1940) 33 F.Supp. 32; Baum v. Union Pac. R. Co. (W.D.Mo.1949) 9 F.R.D. 540; Foltz v. Moore McCormack Lines, (2 Cir., 1951) 189 F.2d 537. Defendant Stephen D. Hambaugh and those aligned with him did not seek such relief.

However, dismissal of the entire action was sought in other sections of the motions asserting that the complaints failed, in any of their separate counts, to state claims against the movants upon which relief could be granted. We must assume that in dismissing the complaints with prejudice the trial judge must have been of the opinion that no cause of action was stated as to any of the defendants, and must have been of the further opinion that a good cause of action could not be stated against any of them.

Without undertaking to state in detail the numerous wrongful acts which plaintiffs attempt to allege as having been committed by the various defendants, it should be sufficient for our purposes that we perceive that many of the charges are serious and, if properly pleaded and proved, would be cognizable in a court of law.

The important issue presented by plaintiffs below and again asserted here and the one argument which we consider dispositive of this appeal is generally to the effect that the court, by denying permission to amend and by dismissing with prejudice, abused its discretion.

■ Rule 15(a) (§ 21–1–1(15) (a), N.M. S.A.1953) provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." It is clear that motions such as those filed in the instant case and discussed above are not responsive pleadings. Whittemore v. Continental Mills (D.Me., S.D.1951) 98 F.Supp. 387; Kelly v. Delaware River Joint Commission (3 Cir., 1950), 187 F.2d 93; Keene Lumber Co. v. Leventhal (1 Cir., 1948) 165 F.2d 815; United States v. Newbury Mfg. Co. (1 Cir., 1941) 123 F.2d 453; 3 Moore's Federal Practice 824, § 15.07.

■ Even so, when plaintiffs' complaints had been dismissed without leave and with the right to amend specifically denied, plaintiffs could not file an amended

pleading without the court's permission. Kelly v. Delaware River Joint Commission, supra; Feddersen Motors, Inc. v. Ward (10 Cir.) 180 F.2d 519. This was requested in their motion and denied by the court. We consider the motion to be one cognizable under Rule 60(b) (§ 21-1-1(60) (b), N.M.S.A.1953) and that it was addressed to the sound discretion of the court. Keene Lumber Co. v. Leventhal, supra; Feddersen Motors, Inc. v. Ward, supra; Martinez v. Cook, 57 N.M. 263, 258 P.2d 375; Adams & McGahey v. Neill, 58 N.M. 782, 276 P. 2d 913, 51 A.L.R.2d 830; 1A Barron & Holtzoff, Federal Practice and Procedure 722, § 445; 3 Moore's Federal Practice 827, § 15.08.

■ Rule 15(a) (§ 21-1-1(15) (a), N.M. S.A.1953) provides that "leave shall be freely given when justice so requires." We do not see in the matters detailed in the court's order sustaining the motions and dismissing and striking the complaints, sufficient basis to justify denial of a right to amend. To have permitted amendment at least once in the interest of doing justice would seem to be in keeping with the spirit of the rules. As was said in 1A Barron & Holtzoff, Federal Practice and Procedure 360, § 356:

"Even though the court may believe that the plaintiff will ultimately be unable to prove the allegations of his complaint, the complaint should not be dismissed so long as there is any possibility that the plaintiff will ultimately prevail."

This is particularly true when plaintiffs moved promptly and it does not appear that any prejudice will result. See Smith Contracting Corp. v. Trojan Const. Co., Inc. (10 Cir., 1951) 192 F.2d 234; Lone Star Motor Import, Inc. v. Citroen Cars Corporation (5 Cir., 1961) 288 F.2d 69; 1A Barron & Holtzoff, Federal Practice and Procedure 731, § 446.

Under the facts of the instant case, the court should have allowed amendment and it amounted to an abuse of discretion to have refused it. That counsel for plaintiffs must strictly conform in any amendments undertaken with our rules of civil procedure in all their details, should go without saying. However, that they should have at least one additional opportunity to attempt to draft a complaint that will withstand proper motions, is in the spirit of our rules.

We cannot close this opinion without referring to the case of Topping v. Fry (7 Cir., 1945) 147 F.2d 715, where a complaint for breach of contract containing 99 paragraphs was so poorly drafted that it was difficult to determine the basis for the action, and the trial court dismissed without giving an opportunity to amend. We quote the following language of the court which is to our minds entirely pertinent in the instant case:

"We think plaintiff should have been given an opportunity to clarify his complaint. The very deficiencies of the pleading seem to furnish all the more reason why it should not have been dismissed on defendants' motions without leave to amend. From the welter of immaterial facts stated in the complaint here involved we think it is possible to spell out a cause of action based on allegations of a contract, performance by plaintiff, and failure to perform on the part of at least defendant Fry, and possibly the Company. See Kraus v. General Motors Corporation, D.C., 27 F.Supp. 537. Under the liberalized procedure provided for by the new rules, we think it is error to dismiss a complaint with prejudice if it appears that any relief could be granted on the facts stated. See Cyclopedia of Federal Procedure (2d Ed.) Vol. 5, § 1601. As stated in Moore's Federal Practice, Vol. 1, § 8.01, 'Litigation is not an art in writing nice pleadings. It can and should seldom be settled on its merits at the pleading stage * * *.'"

Other interesting arguments are presented, as for example whether the court had the right to dismiss as to all defendants; whether they had been served, had appeared or sought the relief granted. However, in the light of our disposition of the point discussed above, and being of the opinion that in proceedings that will follow the same problems will not recur, we abstain from considering or discussing them.

The cause is reversed and remanded with instructions to reinstate the cause on the docket and to proceed in a manner consistent herewith.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.