## PAPANTONIO v. GIANNINI et al.
### No. 10625.

Circuit Court of Appeals, Ninth Circuit.

June 6, 1945.

Vincent Anthony Marco, Homer N. Boardman, and Percy V. Clibborn, all of Beverly Hills, Cal., for appellant.

Cosgrove & O'Neil, T. B. Cosgrove, F. J. O'Neil, and John N. Cramer, all of Los Angeles, Cal., for appellee A. P. Giannini, etc.

Robert A. Odell, of Los Angeles, Cal., for appellee H. E. White.

Bacigalupi, Elkus & Salinger and Claude N. Rosenberg, all of San Francisco, Cal., for appellees Walston & Co. and others.

Russ Avery, of Los Angeles, Cal., and Gordon Gray, of San Diego, Cal., for appellees L. M. Giannini, etc., and others.

Keyes & Erskine, Herbert W. Erskine, and Louis Ferrari, all of San Francisco, Cal., for appellees A. H. Giannini and others.

George D. Schilling, of San Francisco, Cal., and G. L. Berrey, of Los Angeles, Cal., for appellee Bank of America.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

The trial court dismissed the complaint, and the plaintiff, Rose Papantonio, appeals.

The original complaint was filed but was never served. The first amended complaint was lengthy and contained numerous claims not separately stated. The court ordered plaintiff to recast her complaint into separately stated causes of action. A second amended complaint was filed which did not comply with the court's order. It was cast in the manner to allege one continuing conspiracy beginning sometime in 1927 whereby certain of the defendants intended to and did cheat the plaintiff and others out of large sums of money.

Motions were made by defendants to dismiss the complaint upon the following grounds. The second amended complaint does not separate the claims as ordered by the court. It does not separate the several claims contained in it. It states no cause of action. All claims alleged therein are barred by the statute of limitations and by laches. The corporation Transamerica and subsidiaries are necessary parties.

Motions were also made by defendants that plaintiff be required to file separate statements as to claims, that plaintiff be required to file more definite statements of claims, and that parts of the second amended complaint be ordered stricken.

The court sustained the motion to dismiss upon all the grounds of the motion except as to laches but did not specify the ground of the statute of limitations. Leave to file a third amended complaint within the period of 45 days was given, but such period expired without the complaint's having been tendered for filing. A judgment of dismissal was then entered.

We are of the opinion that the court did not abuse its discretion in dismissing the action. Even though the plaintiff had

a right to recast her complaint into one of a conspiracy (we do not decide this point), the trial court was well within its discretion in desiring and in requiring this complaint, covering 47 pages of the transcript, containing numerous personal and corporate defendants, and embracing a period of some 15 years, to be so ordered that the separate claims might be followed without serious difficulty.

We have studied the complaint, and we cannot say that the trial court erred in its requirement or in its dismissal of the action upon the failure of the plaintiff to comply therewith.

Affirmed.