# MARIANAO SUGAR TRADING CORP. v. PENNSYLVANIA R. CO.

United States District Court,
S. D. New York.

Feb. 13, 1951.

Lyeth & Voorhees, New York City (J. M. Richardson Lyeth and Sidney Kelly, Jr., New York City, of counsel), for plaintiff.

Bleakley, Platt, Gilchrist & Walker, New York City (Robert L. Conkling, New York City, of counsel), for defendant.

LEIBELL, District Judge.

This action by the plaintiff company, to recover damages from the defendant railroad carrier for failure to deliver to the plaintiff's consignee 1,750 bags of sugar in the same good order and condition in which they were delivered by the plaintiff to the defendant, was commenced December 8, 1950, by the filing of a complaint, which alleges:—

"5. On or about the dates indicated below, the plaintiff caused to be delivered to the defendant, The Pennsylvania Railroad Company, at Brooklyn, New York, in good order and condition, a shipment of 1,750 bags of sugar in the amounts indicated below for transportation by the said defendant, and the said defendant there accepted the merchandise so delivered to it.

| Delivery Dates | Amounts Delivered |
|---|---|
| November 22, 1947 | 750 bags |
| December 3, 1947 | 500 bags |
| December 5, 1947 | 250 bags |
| December 8, 1947 | 250 bags |

"In consideration of certain freight charges paid or to be paid, the defendant agreed to transport the said merchandise to Stokely Foods, Inc. at Trenton, New Jersey, and there deliver it in like good order and condition as when received by it for such delivery in accordance with the valid terms of certain bills of lading signed on the above dates and delivered to the plaintiff as shipper by the duly authorized agent or representative of the said defendant."

On February 9, 1951 the defendant moved the Court "to direct the plaintiff to serve an amended complaint in which the separate transactions or occurrences referred to therein are stated in separate counts" pursuant to Rule 10(b), Fed.Rules Civ.Proc. 28 U.S.C.A.

The shipments were delivered to the carrier on four separate dates, over a period of seventeen days. Under the Federal Bill of Lading Act, 49 U.S.C.A. §§ 81–124 and the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.A. § 20(11), (12), the shipments were required to be evidenced by different and separate bills of lading. It does not affirmatively appear that the shipments were all part of the same act of transportation or were accepted for transportation under a single contract. It may be assumed from the different dates of delivery to the carrier that they moved on separate trains and were delivered to the consignee on different dates.

The defendant asserts that different defenses may lie to the claims of plaintiff for breach of the separate bills of lading.

The plaintiff's opposition to the motion is based only on the grounds that the amendments requested would make the pleading repetitious and not in conformity with Rule 8(a) of the Federal Rules of Civil Procedure which requires the complaint to contain only a short and plain statement of the claim showing that the plaintiff is entitled to relief.

While it is true that the Court does not favor repetitive verbosity in the complaint, Richardson & Sons v. Conners Marine Co., 2 Cir., 1944, 141 F.2d 226; Original Ballet Russe v. Ballet Theatre, Inc., 2 Cir., 1943, 133 F.2d 187, it is the rule that the Court will require a pleader to separately state and number his claims when that procedure will facilitate a clear presentation of the matters set forth and a proper disposition of the issues. Original Ballet Russe v. Ballet Theatre, Inc., supra; 2 Moore's Federal Practice (2nd ed.) 10.03, p. 2007. In a situation similar to that here presented Judge Byers so held, prior to the adoption of the Federal Rules of Civil Procedure. In Bushwick McPhilben Corp. v. Bush Terminal R. R. Co., D.C.E.D.N.Y. 1934, 8 F.Supp. 684, a case involving freight overcharges on various shipments made by the plaintiff therein, he stated:—"The defendant also argues that each shipment and each alleged overpayment of freight constitute a separate cause of action and should be separately stated and numbered in order that the issue of alleged overcharge may be met with respect to each. It is possible, in theory at least, that, as to certain of the shipments, the defendant might answer differently than as to others. Therefore the requirement for separately stating and numbering is reasonable."

Richardson & Sons v. Conners Marine Co., supra, is not to the contrary. There the shipments, while they were made under separate charters on different dates, were all the subject of two separate agreements in respect to demurrage and the damage to the goods apparently happened at one place as part of a single or continuing act of negligence. In the case at bar it is apparent from the complaint that each shipment was the subject of a different act of transportation on a different day under a separate bill of lading. The cause of damage might well be different as to each shipment, and the defenses available to defendant may likewise vary in regard to each shipment.

The motion to separately state and number is granted.