**VANCE v. AMERICAN SOCIETY OF COMPOSERS, AUTHORS & PUBLISHERS et al.**

United States District Court

S. D. New York.

Sept. 30, 1952.

Edward Vance, Pro se.

Spring & Eastman, New York City, for defendant Edwin H. Morris & Co., Inc.

Schwartz & Frohlich, New York City (Louis D. Frohlich, New York City, of counsel), for defendants American Society of Composers, Authors & Publishers, et al.

Sidney Wm. Wattenberg, New York City, for defendant Music Publishers Protective Ass'n, Inc.

Miller & Miller, New York City, for defendant Duchess Music Corp.

Benjamin Starr, New York City, for defendant Main Street Songs, Inc.

IRVING R. KAUFMAN, District Judge.

Defendants, Edwin H. Morris & Company, Inc.; American Society of Composers, Authors and Publishers ("ASCAP"); Shapiro Bernstein & Co.; Santly-Joy, Inc.; Music Publishers Protective Association, Inc.; Duchess Music Corporation and Main Street Songs, Inc. move in six identical motions for:

(a) an order dismissing the complaint herein on the ground that it fails to comply with Rule 8(e) F.R.C.P., 28 U.S.C.;

or in the alternative

(b) for an order under Rule 12(b), F.R. C.P. dismissing the complaint herein as against the respective movants on the ground that it fails to state a claim under which relief can be granted;

or in the alternative

(c) for an order under Rule 12(b), F.R. C.P. dismissing the complaint herein as against the respective movants on ground that the court lacks jurisdiction over the subject matter thereof;

or in the alternative

(d) for an order under Rule 10(b) F.R. C.P. directing plaintiff to serve an amended complaint separately stating his alleged causes of action, if any, in separate counts.

The instant complaint is the eleventh pleading filed by plaintiff against ASCAP and many other of these defendants. The previous ten have either been voluntarily or involuntarily dismissed in several federal courts.[1] In all the proceedings plaintiff has appeared *pro se*. Between 1944 and 1946 plaintiff brought three actions in the United States District Court, for the Western District of Missouri, Western Division, the last two pleadings for which were dismissed in 1946 by District Judges J. C. Collett and Albert H. Ridge sitting in that Court.[2]

Following the last dismissal, Judge Ridge denied plaintiff's application to appeal directly to the Supreme Court of the United States after which plaintiff filed a notice of appeal to the Court of Appeals for the Eighth Circuit, but the appeal was not prosecuted.[3] Plaintiff then filed a petition with the Supreme Court of the United States for a writ of certiorari to the District Court in Authors & Publishers, 1947, Missouri. The petition for certiorari was denied. Vance v. American Society of Composers, Authors & Publishers, 1947, 329 U.S. 809, 67 S.Ct. 624, 91 L.Ed. 691.

On June 1, 1950, plaintiff commenced an action in this Court (Civ. 58–232) against most of these defendants, the apparent substance of his complaint being (as in earlier complaints) that several of his unpublished, uncopyrighted lyrics had been pirated by defendants Shapiro Bernstein & Company in a song entitled "Somebody Else Is Taking My Place" and defendant Edwin H. Morris & Company in a song entitled "Honey, I'm In Love With You." The first complaint here also alleged charges against ASCAP, Music Publishers Protective Association and Songwriters Protective Association of monopoly and conspiracy under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

In addition, the complaint also named the additional defendants, the United States; J. J. Doran "Federal Administrator" (apparently a Post Office official) and Herbert A. Howell, "Federal Administra-

1. P. 5, July 30 affidavit of Otto Harbach, President of ASCAP

2. Id.

3. Ibid., pp. 5–6.

tor" (in fact the Assistant Register of Copyrights). The federal government was named a defendant in the complaint on plaintiff's theory that it had entered into a consent decree with ASCAP in 1941 which was "the very essence of monopoly." It was further alleged that the government granted ASCAP the unlimited privilege of using the mails to defraud the public. Mr. J. J. Doran was included as a defendant and was charged with gross negligence and "non-feasance" in office, and Mr. John G. Paine (since deceased) with using the mails to defraud. Mr. Herbert A. Howell was charged with "misfeasance" and with having made "false statements with reference to copyright records."

All defendants moved to dismiss the complaint. Judges Holtzoff and Noonan dismissed it upon jurisdictional grounds as against the non-resident defendants. Judge Sugarman dismissed it as against ASCAP, the Music Publishers Protective Association, the Songwriters Protective Association, Shapiro-Bernstein and the other publisher defendants upon the ground that there had been no compliance with Rule 8(e), F.R.C.P. The complaint was also dismissed as against the government and its personnel. As to certain of the defendants Judge Sugarman gave plaintiff leave to serve an amended complaint which he did on October 6, 1950.

The amended complaint, although now devoid of some of the defendants against whom it had earlier been dismissed, still retained the United States as a defendant in spite of the fact that it had been dismissed by order of this Court on ground that no permission to sue had been obtained. From the face of the amended complaint, it neither appeared that there was diversity of citizenship nor that the controversy involved $3,000. exclusive of interest and costs.

Defendants moved to dismiss the Amended Complaint upon precisely the grounds on which the instant motions are brought. In his Memorandum Opinion, of January 3, 1951, Judge Ryan of this Court granted the motion to dismiss under Rule 12(b), F.R.C.P.

"(1) for lack of jurisdiction with respect to the piracy claim and (2) for failure to state a valid claim with respect to the anti-trust laws."

Upon reargument, Judge Ryan adhered to his original decision.

That was plaintiff's ninth failure in attempting to state a claim in the federal courts in connection with the same matter. In March 1951 he made his tenth effort when he applied in this Court to intervene in United States v. ASCAP. That action had been brought by the government in 1935 and had gone to a consent decree before Judge Henry Goddard of this Court on March 4, 1941. The decree had been modified on March 14, 1950, and plaintiff sought at that time to intervene and open the decree. The petition upon which intervention was sought was "a rambling document of some 34 pages, in substance reiterat[ing] and elaborat[ing] many of the allegations of the previous complaints rejected by the Missouri and New York United States District Courts. The petition fan[ned] out in many directions and contain[ed] additional charges, all stemming from the basic charge of piracy of his lyrics." [4] In the exercise of his discretion, Judge Weinfeld denied intervention.

A year has elapsed and once again plaintiff's attempt to state a claim in the federal courts is under attack.

The instant complaint is a 31-page document (plus numerous exhibits appended therewith) which is prolix in the extreme and often borders on incoherency. Plaintiff persists in appearing *pro se* in spite of Judge Collett's earlier kindly suggestion "that the plaintiff consider seriously the desirability of engaging competent coun-

4. Opinion of Judge Edward Weinfeld of this Court, United States of America v. American Society of Composers, Authors and Publishers, D.C., 1951, 11 F.R.D. 511, 512.

sel",[5] and in spite of the fact that at least two other Judges [6] in this District have clearly indicated that, like this Court, they feel strongly about the confused and distressingly verbose manner in which plaintiff has sought to plead. Upon the oral argument of these motions, plaintiff was asked if he cared to have counsel appointed, but he declined the offer. His persistence is unfortunate from every aspect of this totally unproductive drain on the resources of all the litigants and on the courts.

The motions before me set out four alternative prayers for relief. No opinion is expressed as to the merits of three of the alternative prayers, in view of my disposition pursuant to Rule 10(b), F.R.C.P. Indeed, there could be no intelligent disposition upon the other grounds asserted without initial compliance with this Rule.

Rule 10(b), F.R.C.P. provides:

"(b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

"The objective of the subdivision is clarity in pleading." 2 Moore's Federal Practice, (2d Ed.) 2005. This accurate statement of its purpose is consonant with the entire spirit and intent of the Federal Rules of Civil Procedure. The rule is a reasonable one which courts are enforcing, e. g. Schoenberg v. Decorative Cabinet Corp., D.C.E.D.N.Y.1939, 27 F.Supp. 802; Baum v. Union Pac. R. Co., D.C.W.D.Mo.

W.D., 1949, 9 F.R.D. 540. It should be noted that a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation. Original Ballet Russe, Limited v. Ballet Theatre, Inc., 2 Cir., 1943, 133 F.2d 187. The latter case exemplifies the situation which calls for a discriminating refusal to apply the rule. On the other hand I believe the instant case presents a situation which calls for its discriminating application.

Cases treating of this Rule are sufficiently numerous to indicate that our Courts apply it in a manner such as to achieve the objective which Professor Moore has stated.

For example, where a plaintiff pleads in one cause of action a number of claims against various groups of defendants, some of the claims being for copyright infringement as well as for another tort, it has been held that a proper pleading of the various claims would require that plaintiff set forth each of those claims in a separate count in order to facilitate the clear presentation of the matters set forth. Pallant v. Sinatra, D.C.S.D.N.Y., 1945, 59 F.Supp. 684. For an analogous adjudication, see Papantonio v. Giannini, 9 Cir., 1945, 149 F.2d 813. Clear presentation goes hand in hand with a proper disposition of the issues in a case, and it is recognized that these desiderata can result from a proper application of Rule 10(b). Marianao Sugar Trading Corp. v. Pennsylvania R. Co., D.C.S.D.N.Y., 1951, 11 F.R.D. 288. Clearly, it is "the better practice and more consonant with the requirement of the rules and the spirit of the simpler procedure they inaugurated, to state [claims] separately." Brooks Bros. v. Brooks Clothing of California, Limited, D.C.S.D.Cal., C.D.1945, 60 F.Supp. 442, 447; affirmed 9 Cir., 1947, 158 F.2d 798; certiorari denied 1947, 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840.

The complaint here does violence to the purpose of the Rule not only because of

---

5. "Order sustaining separate motions of defendants to dismiss unless plaintiff amend his pleading to comply with Rule 8", dated June, 1946, at Kansas City, Mo.

6. Judges Weinfeld and Ryan in their dismissals of plaintiff's earlier amended complaint and motion to intervene.

extremely confused multiple sets of circumstances stated within many given paragraphs, but, even more significantly, because of the utter impossibility of isolating and defining the precise claims plaintiff is alleging against particular defendants or combinations thereof. One of the "claims" set out in this complaint would appear to be bound up in a further attack on the United States v. ASCAP consent decree as "illegal, ciminal in nature and the very essence of monopoly." (Section 3, par. 1 of complaint). The complaint alleges that ASCAP violates a Missouri practice of law statute (Complaint, Section 4, par. 14). It is claimed that four of plaintiff's lyrics are the subject of a conspiracy in restraint of trade engaged in by all defendants (Complaint, Section 1, pars. 4, 21). These lyrics are allegedly plaintiff's common law literary property. Withal, these claims (if valid claims they be) are impossible of precise definition as they now stand.

It is patent that if finality is to be forthcoming, plaintiff must set out in his complaint in simple and clear fashion only the essential facts which are the bases of what will have to be clearly stated and well-defined claims. The parties against whom such claims are made must be equally well defined. Only then will a court be able to treat his claims intelligently and fairly. Only then will the defendants be able to set forth their respective defenses to what is now a jumbled mass of claims. And only then can the litigants be given the substantial justice which they have sought so long.

The history of this litigation presents a picture of complexity and frustration resulting in no small degree from plaintiff's refusal to be represented by counsel. His persistence in this refusal has added to the burden and expense which he has placed upon himself, the defendants and the Courts. This action which he is undertaking is of a most complicated character. A proper complaint in a case such as this calls for the talent of a competent draftsman, to say nothing of the need for counsel in the event of trial.

Judge Collett's statement in Vance v. American Society of Composers, Authors and Publishers, applies so forcefully here:

"The plaintiff is not required to have counsel. His rights will be protected in the absence of counsel to the fullest extent which he makes possible but the Court cannot draft his pleadings nor try his case for him. It is therefore suggested that the plaintiff consider seriously the desirability of engaging competent counsel."

The motion for an order, under Rule 10(b), F.R.C.P. directing plaintiff to serve an amended complaint separately stating in separate counts his alleged causes of action, if any, with respect to the defendant or defendants concerned, is granted. There should also be strict compliance with Rule 8(e) (1), F.R.C.P. in that each averment of the new pleading "shall be simple, concise, and direct." The other three alternative motions are denied at this time without prejudice to their renewal following compliance with the order hereon to be settled on notice.