DELAWARE VALLEY DRUG Co., Plaintiff, v. HARRY O. KLINE, t/a H. O. Kline Transfer Co., Defendant.

(*August* 8, 1958.)

STIFTEL, J., sitting.

*H. Albert Young* and *Bruce M. Stargatt* for plaintiff.

*William Prickett, Jr.,* for defendant.

Superior Court for New Castle County, No. 161, Civil Action, 1958.

STIFTEL, J.:

Plaintiff filed a complaint wherein it alleged that defendant carrier was responsible for certain loss and breakage of drugs and drug store merchandise delivered to him by plaintiff for transport to the Bergen Drug Co., Hackensack, New Jersey.

Defendant filed a motion under Rule 10(b), *Del. C. Ann.,* to require plaintiff to serve an amended complaint stating, in separate counts, its claim, if more than one is asserted. The defendant, in the alternative, requested a motion for a more definite statement, pursuant to Rule 12(e) of the Superior Court Rules, in the event his motion under Rule 10(b) was denied. Defendant also asked that the complaint be dismissed for failure to state a claim.

Counsel for the parties have filed briefs on the subject and an argument on the issues involved was held. At the argument, counsel for the defendants did not press their motions for a more definite statement or to dismiss.

■ The carrier claims, in an affidavit filed as an exhibit with his brief, that there were four separate deliveries to him by plaintiff during April, 1956. Two deliveries were made on April 6, a delivery was made on April 9 and one on April 10. The foregoing delivery dates must be taken as admitted facts because of plaintiff's failure to answer a request for admissions, under Superior Court Rule 36, within ten days. *Lowe v. Hulliger*, 7 Terry 331, 83 *A.* 2d 698. Plaintiff further admits, by its failure to answer, that there was a separate bill of lading issued for each shipment. Under the Carmack amendment to the Interstate Commerce Act, 49 U. S. C. A. Sec. 20(11), the individual shipments were required to be evidenced by different bills of lading. Carrier therefore contends that there were four separate transactions.

■ Under Rule 10(b), separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint *and* separation will facilitate clear presentation of the case. *Original Ballet Russe v. Ballet Theatre*, 2 *Cir.*, 133 *F.* 2d 187. Paragraphing of pleadings, therefore, into separate counts is mandatory only when necessary to facilitate clear presentation. *Isenman v. Bandler*, *D. C.*, 15 *F. R. D.* 400; *Vance v. American Society of Composers, Authors & Publishers*, *D. C.*, 13 *F. R. D.* 109, 2 *Moore's Federal Practice* (2d Ed.), Par. 10.03, p. 2007.

Defendant's argument finds support in *Marianao Sugar Trading Corp. v. Pennsylvania R. Co.*, *D. C.*, 11 *F. R. D.* 288. In *Marianao*, plaintiff delivered a total of 1,750 bags of sugar to the carrier as follows: 750 bags on November 22, 1947; 500 bags on December 3, and 250 bags on December 5 and 8 respectively, under separate bills of lading. Defendant moved the Court to direct plaintiff to serve an amended complaint in which the

separate transactions are stated in separate counts pursuant to Rule 10(b), *F. R. Civ. P.*, 28 *U. S. C. A.* It was assumed that the shipments moved on separate trains and were delivered to the consignee on different dates. The Court required the plaintiff shipper to file an amended complaint setting forth the separate transactions in separate counts, on the basis that the damage might be different as to each shipment, and the defenses available to defendant may likewise vary in regard to each shipment. But see *Turkish State Railways Administration v. Vulcan Iron Works, D. C.,* 153 *F. Supp.* 616; *James Richardson & Sons v. Conners Marine Co.,* 2 *Cir.,* 141 *F.* 2d 226.

■ The language in the *Marianao* case is helpful in delineating the criteria to be employed. However, a motion to state separately and number must be decided in each case upon the particular pleading under review. The question presented, therefore, is whether separation is desirable in this case in order to facilitate the clear presentation of the matters set forth. *Skil-Craft Corporation v. M. Lober & Associates, D. C.,* 138 *F. Supp.* 313.

■■ Rule 8 of the Superior Court Rules and the Federal Rules of Civil Procedure set forth the characteristics of good pleading. The intent and effect of this rule is to permit a claim to be stated in general terms and to discourage battles over the mere form of statement. *United States v. Iroquois Apartments, Inc., D. C.,* 21 *F. R. D.* 151; *Nagler v. Admiral Corp.,* 2 *Cir.,* 248 *F.* 2d 319. To the pleadings is normally assigned the task of general notice-giving. The task of narrowing and clarifying the basic issues and ascertaining the facts relative to other issues is the role of the deposition discovery process. *Stitt v. Lyon,* 9 *Terry* 365, 103 *A.* 2d 332; *Wiener v. Markel,* 8 *Terry* 449, 92 *A.* 2d 706. See, too, *Clark, Special Pleading in the "Big Case",* 21 *F. R. D.* 45-54.

In *Buchanan Service, Inc., v. Crew,* 11 *Terry* 22, 122 *A.* 2d 914, 917, this Court stated:

"* * * As was stated in *Pfeifer v. Johnson Motor Lines, Inc.,* 8 *Terry* 191, 89 *A.* 2d 154, the discovery devices are designed to fulfill the function of issue formulation as well as the function of fact revelation. Since pleading has been streamlined and restricted to the limited scope of notice-giving, the function of formulating and clarifying the issues has passed from the pleadings to the discovery devices and the pre-trial conference. There being nothing in the Rules to indicate otherwise, legal issues and the contentions of the parties as to what the facts are, as well as the facts themselves, are open to discovery.

"In the *Pfeifer* case, it was recognized that the interrogatory device could be useful as an auxiliary to the pleadings. The use of the interrogatory was there sanctioned for the purpose of enabling a party to procure a particularization of the skeleton allegation of last clear chance. * * *"

Turning to the complaint before me, it appears that its purpose is to claim damages which arise out of a series of related acts. It is difficult to determine from an examination of paragraph 1 of the complaint whether plaintiff relies on one act of transportation or more than one such act.

Defendant followed the unusual procedure of filing an affidavit with his brief, alleging that there were possibly four separate deliveries and possibly four separate acts of transportation. I shall assume, without deciding, that such practice is proper.

It is true that the admissions support defendant's contention that there may have been more than one act of transportation. However, the contents of the separate bills of lading are available to the defendant. There is no indication that the contract terms of each bill vary. Whether or not some of the deliveries were made simultaneously under the separate bills of lading is information more readily available to defendant than to the plaintiff. The plaintiff sets forth a list of all of the missing and damaged articles in his exhibit to the complaint.

Defendant argues that separate counts will enable him to know if different defenses are required. This, in itself, is not

a sufficient reason for granting this motion. *Northwest Airlines, Inc., v. Glenn L. Martin Co., D.C.,* 9 *F. R. D.* 551; *Broomfield v. Doolittle, D.C.,* 2 *F. R. D.* 517. Defendant has not represented that he has a different defense to each shipment but only that he could have. To require separate counts here would merely increase the verbiage without adding to the enlightenment. *Nagler v. Admiral Corporation,* 2 *Cir.,* 248 *F.* 2d 319, 324.

I conclude that the several acts of shipment all flow toward a common legal right to be enforced and such separate acts, if they exist, need not be stated separately. At least this is true where, as here, according to the admissions, at best, only four shipments are involved.

Defendant's motion that plaintiff state its claim in separate counts is denied.