401 P.2d 777

**Martha V. HAMBAUGH, Plaintiff-Appellant,**

v.

**James M. PEOPLES et al., Defendants-Appellees.**

**Mildred Lillybell PEOPLES, Plaintiff-Appellant,**

v.

**James M. PEOPLES et al., Defendants-Appellees.**

**Nos. 7584, 7585.**

Supreme Court of New Mexico.

April 26, 1965.

Dale B. Dilts, Albuquerque, Glenn O. Young, Sapulpa, Okl., for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for Stephen D. Hambaugh, John W. Myers, Alan Jacobson, Ruth Lewis, Sandia Ranch Sanitorium, Inc.

William J. Bingham, Alexander F. Sceresse, for Marguerite K. Armijo.

Stanley P. Zuris, Albuquerque, for Edward G. Parham.

Irving E. Moore, Albuquerque, for David F. Cargo.

Edward J. Apocaca, Albuquerque, for H. Richard Blackhurst, Mary Ware, Winfrey Ware.

Smith, Kiker & Ransom, Albuquerque, for Eva C. Thomas.

Sutin & Jones, Albuquerque, for Richard C. Civerolo.

J. L. Leftow, Albuquerque, for J. M. Peoples.

MOISE, Justice.

For the second time these two related cases reach us on procedural problems. Not only were we wrong in our assumption expressed when the cases were before us previously, Peoples v. Peoples, 72 N.M. 64, 380 P.2d 513, that the problems there presented and not discussed would not recur, but we were overly optimistic in assuming that we had settled the issues there discussed.

Upon mandate issuing, following the previous appeal, the trial court entered its order reinstating the actions on the docket and granting plaintiffs twenty days in which to file their first amended complaint.

First amended complaints were filed, only to be met again with motions on behalf of all defendants, except Jack Sherrill, who still does not appear to have been served. As to one defendant, Marguerite N. Armijo, an answer had been filed. The motions assert (1) that the first amended complaints do not state a cause of action on which relief can be granted; (2) that such complaints do not comply with rules 8(a) and (e) (§ 21–1–1(8) (a) and (e), N.M. S.A.1953) and it is impossible to ascertain the precise nature of plaintiffs' claims; (3) that certain allegations are redundant, immaterial, impertinent, and scandalous and should be stricken under rule 12(f) (§ 21–1–1(12) (f), N.M.S.A.1953); (4) that the complaints violate rule 10(b) (§ 21–1–1(10) (b), N.M.S.A.1953); and (5) that a more definite statement should be required as to certain matters under rule 12(e) (§ 21–1–1 (12) (e), N.M.S.A.1953). For failure to state a cause of action and because of non-

compliance with rules 8(a) and (e), dismissal and striking of the complaints is sought. Pleadings in the two cases are to all practical purposes identical. Accordingly references, whether in the singular or plural, apply to both cases.

After notice and hearing on the motion held on September 19, 1963, the court, on October 1, 1963, advised of his decision by letter, the material parts of which read as follows:

"It is the Court's finding that all of the grounds set forth in the Motion of the Defendants, filed June 7, 1963, are well taken and that this First Amended Complaint should be dismissed without an opportunity to amend. Counsel for the plaintiffs in these two causes evidently cannot file a Complaint in this jurisdiction that will, in this Court's opinion, conform to the Rules of Civil Procedure.

"Among many reasons for the Court's ruling is the fact that I do not think the First Amended Complaint states a claim upon which relief can be granted by reason of the fact that it is basically founded upon a collateral attack of judgments entered in this District Court in the mental incompetency proceedings, of which the Court takes judicial notice. These judgments have not been attack [sic] in any way, and this suit is primarily based upon the allegations that the findings of Judge McPherson [Macpherson] in the mental incompetency cases was void and of no effect. Moreover, in one single cause of action, comprising some eleven typewritten pages and consisting of twenty numbered paragraphs, the plaintiffs complain of many things which include part of the following: Slander, false arrest, assault and battery, theft, legal malpractice, medical malpractice, fraud upon the Court, and unlawful payments from guardianships of the incompetents' estates. All of these are lumped together against all defendants in this action, and it would take a magician to find out what each party is actually charged with having done."

Thereafter, an order was duly entered dismissing the first amended complaint with prejudice and without leave to amend. This appeal followed.

We must here determine if a cause of action was stated in the first amended complaint and, if not, whether the court erred in dismissing the complaint and abused its discretion in denying the right to amend.

■ As noted by the trial judge, the complaint which is stated in one count contains allegations of slander, false arrest, assault and battery, theft, legal malpractice, medical malpractice, fraud on the court, and unlawful payments from incompetents'

estates. To these we would add that it contains an allegation of violations of plaintiffs' civil rights. In addition, and possibly of more importance, it is clear that an attack is made therein on the adjudication by the court in the sanity proceedings, it being asserted that they are void for various reasons. The trial court in his remarks quoted above was correct in his views that insofar as the complaints were based or dependent for their validity upon a determination that the insanity adjudications were void, they constituted a collateral attack on those judgments and as such were insufficient to state a cause of action.

◼ As we understand the law, no collateral attack may be made on a judgment as void for lack of jurisdiction if the judgment appears valid on its face, and unless the invalidity appears in some manner therein or in the record. McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522; Matlock v. Somerford, 64 N.M. 347, 328 P.2d 600. Such is the situation here. That this is so does not entirely resolve our problem, because as noted by the court the complaint contains allegations of sundry other grievous wrongs.

In our previous decision (72 N.M. 64, 69, 380 P.2d 513, 516) we took note that the actions generally were not of a type favored in the law but, even so, that the law, in a proper case, recognizes the right to redress of persons so wronged.

◼ Although the plaintiffs' amended complaints have been materially reduced in size and complexity from those originally filed, they still are subject to criticism and attack. They certainly do not meet the test of being short and plain statements of the plaintiffs' "claim" (note the singular form) showing plaintiffs to be entitled to relief, as required by rule 8(a), supra. Neither is each averment "simple, concise and direct," nor have plaintiffs set forth their various claims in separate counts. See rule 8(e). We have no difficulty in concluding that the trial court was correct in his determination that plaintiffs' complaints did not conform to rules 8(a) and 8(e). In this connection, we do not overlook plaintiffs' contention that under rule 9(b) (§ 21–1–1(9) (b), N.M.S.A.1953) the circumstances constituting fraud or mistake must be stated with particularity, or that items of special damages must be specifically stated as provided in rule 9(g) (§ 21–1–1(9) (g), N.M.S.A.1953), or that 9(h) (§ 21–1–1(9) (h), N.M.S.A.1953) requires statutes to be pleaded as here done. Rather, we find a complete hodge-podge of accusations jumbled together to such an extent that answering would be most onerous, preparing for defense practically impossible and, what is probably of even greater seriousness, any disposition would be open to question as to whether a particular claim

was res judicata. The most casual examination of the complaints demonstrates that this is true beyond peradventure.

The following is quoted from 2 Moore's Federal Practice 1695, § 813:

"The courts have recognized that the function of pleadings under the Federal Rules is to give *fair notice* of the claim asserted so as to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought, so that it may be assigned to the proper form of trial. * * *"

Likewise, the failure of the complaints to conform to rules 10(b) (§ 21–1–1(10) (b), N.M.S.A.1953) and 12(e) and (f) (§ 21–1–1(12) (e) and (f), N.M.S.A.1953) is equally clear, and defendants' motions based thereon were properly sustained. Nevertheless, should the court have dismissed the cases without leave to again attempt amendment?

■ Our previous decision was based on the provision of rule 15(a) (§ 21–1–1(15) (a), N.M.S.A.1953) giving a party a right as a matter of course to amend his pleading once before a responsive pleading had been filed. This provision is no longer applicable. However, rule 15(a) also states that leave to amend "shall be freely given when justice so requires." The purpose of the rules was generally to promote disposition of cases on their merits rather than on technicalities.

Although the case has not yet arrived at the proportions of the argument between one Vance and the American Society of Composers, Authors & Publishers (known as ASCAP) together with certain named composers, it occurs to us that it well could, if not handled in strict accordance with rules. We refer to the argument between Vance and ASCAP because in the opinion of District Judge Kaufman in Vance v. American Society of Composers, Authors & Publishers (D.C.S.D.N.Y.1952) 13 F.R.D. 109, we think there is much said which is properly applicable here. As pointed out by the judge, the pleading there being considered was not the second—it was the eleventh filed by plaintiff in a number of proceedings seeking damages for alleged pirating of unpublished and uncopyrighted lyrics from him. Various and sundry defendants were named in the numerous pleadings. We quote at some length from the opinion:

"The instant complaint is a 31-page document (plus numerous exhibits appended therewith) which is prolix in the extreme and often borders on incoherency. * * *

"The motions before me set out four alternative prayers for relief. No opinion is expressed as to the merits of three of the alternative prayers, in view

of my disposition pursuant to Rule 10(b), F.R.C.P. Indeed, there could be no intelligent disposition upon the other grounds asserted without initial compliance with this Rule.

"Rule 10(b), F.R.C.P. provides:

" '(b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.'

" 'The objective of the subdivision is clarity in pleading.' 2 Moore's Federal Practice, (2d Ed.) 2005. This accurate statement of its purpose is consonant with the entire spirit and intent of the Federal Rules of Civil Procedure. The rule is a reasonable one which courts are enforcing, e. g. Schoenberg v. Decorative Cabinet Corp., D.C.E.D. N.Y.1939, 27 F.Supp. 802; Baum v. Union Pac. R. Co., D.C.W.D.Mo. W.D., 1949 9 F.R.D. 540. It should be noted that a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation. Original Ballet Russe, Limited v. Ballet Theatre, Inc., 2 Cir., 1943, 133 F.2d 187. The latter case exemplifies the situation which calls for a discriminating refusal to apply the rule. On the other hand, I believe the instant case presents a situation which calls for its discriminating application.

"Cases treating of this Rule are sufficiently numerous to indicate that our Courts apply it in a manner such as to achieve the objective which Professor Moore has stated.

"For example, where a plaintiff pleads in one cause of action a number of claims against various groups of defendants, some of the claims being for copyright infringement as well as for another tort, it has been held that a proper pleading of the various claims would require that plaintiff set forth each of those claims in a separate count in order to facilitate the clear presentation of the matters set forth. Pallant v. Sinatra, D.C.S.D.N.Y., 1945, 59 F.Supp. 684. For an analogous adjudication, see Papantonio v. Giannini, 9 Cir., 1945, 149 F.2d 813. Clear presentation goes hand in hand with a proper disposition of the issues in a case, and it is recognized that these desiderata can result from a proper application of Rule 10(b). Marianao Sugar

Trading Corp. v. Pennsylvania R. Co., D.C.S.D.N.Y., 1951, 11 F.R.D. 288. Clearly, it is 'the better practice and more consonant with the requirement of the rules and the spirit of the simpler procedure they inaugurated, to state [claims] separately.' Brooks Bros. v. Brooks Clothing of California, Limited, D.C.S.D.Cal., C.D.1945, 60 F.Supp. 442, 447; affirmed 9 Cir., 1947, 158 F.2d 798; certiorari denied 1947, 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840.

"The complaint here does violence to the purpose of the Rule not only because of extremely confused multiple sets of circumstances stated within many given paragraphs, but even more significantly, because of the utter impossibility of isolating and defining the precise claims plaintiff is alleging against particular defendants or combinations thereof. One of the 'claims' set out in this complaint would appear to be bound up in a further attack on the United States v. ASCAP consent decree as 'illegal, criminal in nature and the very essence of monopoly.' (Section 3, par. 1 of complaint). The complaint alleges that ASCAP violates a Missouri practice of law statute (Complaint, Section 4, par. 14). It is claimed that four of plaintiff's lyrics are the subject of a conspiracy in restraint of trade engaged in by all defendants (Complaint, Section 1, pars. 4, 21).

These lyrics are allegedly plaintiff's common law literary property. Withal, these claims (if valid claims they be) are impossible of precise definition as they now stand.

"It is patent that if finality is to be forthcoming, plaintiff must set out in his complaint in simple and clear fashion only the essential facts which are the bases of what will have to be clearly stated and well-defined claims. The parties against whom such claims are made must be equally well defined. Only then will a court be able to treat his claims intelligently and fairly. Only then will the defendants be able to set forth their respective defenses to what is now a jumbled mass of claims. And only then can the litigants be given the substantial justice which they have sought so long. * * *"

It should be noted in passing that the plaintiff in that case, having been given his eleventh opportunity to present a complaint which would meet the requirements of rule 8(e), failed once more and, thereupon, his complaint was dismissed with prejudice without leave to amend. 14 F.R.D. 30. However, this did not finally end the matter. A new case was filed in another district. The complaint met with the same fate as the previous ones and was dismissed without leave to amend for failure to comply with rule 8. The following language applicable to the instant case is quoted

**152**

from the opinion on appeal of this last case (8 Cir., 271 F.2d 204).:

> "The complaint lumps all the nineteen defendants together in its charge that they had wrongfully collected six million dollars from plaintiff's sons and it demands judgment against all for a million and one half. However anxious the courts are to decide the claims of every litigant on the merits, no defendant can justly be subjected to the maintenance in court of such demands for vast sums of money against him unless the demands are presented in the orderly way the rules require. Neither can the district judges draw pleadings for one litigant to bolster them against attack from the other. The plaintiff's complaint was framed in disregard of lawful requirements and for that reason the dismissal of it must be held to have been without error. * * *"

■ We would refer to a number of additional cases. Delaware Valley Drug Co. v. Kline, 1 Storey 242, 51 Del. 242, 144 A.2d 403, is interesting and instructive. It holds that under rule 10(b) claims must be separated into several counts only when to do so will facilitate presentation of the case, and that each case must be decided on its own facts. In this connection we do not think that the complaint here can be said to only seek a single recovery for a single tort as was true in Original Ballet Russe v. Ballet Theatre, Inc., 2 Cir., 133 F.2d 187.

Rather, we find in this case a gross magnification of a situation similar to the one considered in Green v. Davies, 182 N.Y. 499, 75 N.E. 536, 3 Ann.Cas. 310. While we recognize that our modern rules of procedure have worked a liberalization and do not require technical perfection of pleading to withstand motions to dismiss, we cannot see how we could hold the trial judge in error in concluding that the multitude of wrongs complained about in the complaint here being considered could possibly be defended by the numerous named defendants. However, we are convinced that another opportunity should be granted to permit plaintiffs to further simplify and refine their pleadings, including stating their separate claims in counts. We have already alluded to Rule 15(a) which admonishes that "leave shall be freely given [to amend] when justice so requires." We now take note of Rule 8(f) to the effect that pleadings "shall be so construed as to do substantial justice." We have previously considered these rules in Newbold v. Morris, 54 N.M. 296, 222 P.2d 1085, where we recognized that "amendments are favored and should be liberally construed in the furtherance of justice."

■ In 2 Moore's Federal Practice (2nd Ed.) 1611, it is stated that rule 8(f) epitomizes the objective of all the rules of pleading. It is further stated that "litigation is not an art in writing nice pleadings," and that generally cases should not be de-

cided on the pleadings. As stated by Justice Black in Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80:

> "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Topping v. Fry (C.A.7, 1945) 147 F.2d 715, cited in our previous opinion in this case (72 N.M. 64, 71), is again in point here.

 There is nothing to be gained from additional discussion or elaboration. In Martinez v. Cook, 57 N.M. 263, 258 P.2d 375, we sustained a trial court in its refusal to permit the filing of a third amended complaint after affirmance of the dismissal by the trial court of the second amended complaint. We there determined that whether a third opportunity to amend should be granted rested in the trial court's discretion, and its ruling would be reviewed only on the question of abuse of discretion. We reaffirm this as the correct rule.

Nevertheless, in the situation here we find numerous grievous wrongs attempted to be asserted on behalf of plaintiffs occupying positions of relative difficulty, and represented principally by nonresident counsel evidently unfamiliar with our rules of practice and procedure. They are met by an array of experienced local counsel representing numerous defendants—among them several members of the bar, and other persons of position in the community. Everything considered, plaintiffs should not have been denied a further attempt to state a claim upon which relief could be had, and an opportunity to present proper proof in support thereof. The court abused its discretion in ruling otherwise.

Plaintiffs complain of an incident which transpired between counsel at the hearing on the motions, and also allude to the trial court's refusal to recuse himself in the cause. Neither matter presents anything for our consideration or upon which to base a ruling.

Defendants assert that to reverse would result in a denial to them of speedy vindication. Even if possibly true, as we have pointed out above, cases disposed of on technicalities of pleading, and not on their merits, have a way of rising Phoenix-like from their ashes, to again harass the alleged miscreants. In Vance v. American Society of Composers, Authors and Publishers (C.A.8, 1959) 271 F.2d 204, apropos a similar argument, the court had the following to say:

> "The appellees complain that Mr. Vance has harassed them with his futile actions during the years (15 of them) and urge this Court to make an end of it but it is consistent with the record that they could readily find means to

**154**

appear and have his claims adjudicated on the merits."

· The orders appealed from are reversed and remanded to the district court with instructions to reinstate the causes on the docket and to proceed in a manner consistent herewith. It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.