Kathleen UNKEL and William Unkel, Plaintiffs,

v.

LIGGETT GROUP INC., et al., Defendants,

Frederick KRANZ and Sarah Kranz, Plaintiffs,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, et al., Defendants,

Francis WHITE, Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, et al., Defendants,

George YOST and Betty Yost, Plaintiffs,

v.

R.J. REYNOLDS TOBACCO CO., et al., Defendants,

Rick MAYNARD and Jeni Sue Maynard, Plaintiffs,

v.

LORILLARD TOBACCO CO., et al., Defendants,

Howard D. McCLEARY, Sr. and Maudelene McCleary, Plaintiffs,

v.

R.J. REYNOLDS TOBACCO CO., et al., Defendants,

Anthony RODRIQUEZ, Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, et al., Defendants,

Richard LAWRENCE and Barbara Lawrence, Plaintiffs,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, et al., Defendants,

Edward KULBABINSKI and Violet
Kulbabinski, Plaintiffs,

v.

R.J. REYNOLDS TOBACCO
CO., Defendant,

Alice BISCH, Plaintiff,

v.

LORILLARD TOBACCO CO.,
et al., Defendants,

Dale R. ZAKAS, Plaintiff,

v.

R.J. REYNOLDS TOBACCO
CO., et al., Defendants.

Karen OWENS, Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO
CORPORATION, et al.,
Defendants,

Mertice LINTON, as Personal Repre-
sentative of the Estate of Joseph
Linton, deceased, Plaintiffs,

v.

R.J. REYNOLDS TOBACCO CO.,
a foreign corporation,
Defendant,

Harold BOURGEOIS and Patricia
Bourgeois, Plaintiffs,

v.

LIGGETT GROUP INC.,
et al., Defendants,

Francis DERZEKOS, as a Personal Rep-
resentative of the estate of Peter C.
Derzekos, deceased, Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO
CORPORATION, et al.,
Defendants.

Nos. 96–1683–C.V.–T–17B, 96–1689–C.V.–T–
17B, 96–1695–C.V.–T–17B, 96–1698–C.V.–
T–17B, 96–1701–C.V.–T–17B, 96–1707–
C.V.–T–17B, 96–1710–C.V.–T–17B, 96–
1712–C.V.–T–17B, 96–1716–C.V.–T–17B,
96–2281–C.V.–T–17B, 96–2285–C.V.–T–
17B, 96–2294–C.V.–T–17B, 96–2640–C.V.–
T–17B, 97–580–C.V.–T–17B, 97–582–C.V.–
T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

April 10, 1997.

Howard Martin Acosta, Law Office of Howard M. Acosta, St. Petersburg, FL, for plaintiffs.

Wayne L. Thomas, Law Office of Wayne L. Thomas, Tampa, FL, for Liggett Group, Inc. in Nos. 96–1683–C.V.–17B, 96–1689–C.V.–T–17B, 96–1710–C.V.–T–17B, 96–2285–C.V.–T–17B, and 97–580–C.V.–T–17B.

Pedro F. Bajo, Jr., Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Lorillard Tobacco in Nos. 96–1683–C.V.–T–17B, 96–1701–C.V.–T–17B, and 96-1710–C.V.–T–17B.

Edward W. Gerecke, A. Broaddus Livingston, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Philip Morris Inc. in Nos. 96–1683–C.V.–T–17B, 96–1689–C.V.–T–17B, 96–1707–C.V.–T–17B, 96–1710–C.V.–T–17B, and 97–582–C.V.–T–17B.

William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for Brown & Williamson Tobacco in Nos. 96–1689–C.V.–T–17B, 96–1695–C.V.–T–17B, 96–1707–C.V.–T–17B, 96–1710–C.V.–T–17B, 96–1712–C.V.–T–17B, 97–580–C.V.–T–17B, and 97–582–C.V.–T–17B.

Brett J. Preston, Hill, Ward & Henderson, P.A., Tampa, FL, Pedro F. Bajo, Jr., Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Lorillard Tobacco in No. 96–1695–C.V.–T–17B.

John H. Killeen, Stephanie E. Parker, G. Mark Cole, Page A. Pate, L. Christine Lawson, Jones, Day, Reavis & Pogue, Atlanta, GA, for R.J. Reynolds Tobacco Co. in No. 96–1695–C.V.–T–17B.

Brett J. Preston, Troy A. Fuhrman, Hill, Ward & Henderson, P.A., Tampa, FL, John H. Killeen, Stephanie E. Parker, G. Mark Cole, Page A. Pate, L. Christine Lawson, Jones Day, Reavis & Pogue, Atlanta, GA, Charlene Edwards Honeywell, Law Offices of Hill, Ward & Henderson, P.A., Tampa, FL, for R.J. Reynolds Tobacco Co. in Nos. 96–1698–C.V.–T–17B, 96–1716–C.V.–T–17B, and 96–2640–C.V.–T–17B.

Brett J. Preston, Hill, Ward & Henderson, P.A., Tampa, FL, for R.J.Reynolds Tobacco Co. in No. 96–1707–C.V.–T–17B.

Brett J. Preston, Hill, Ward & Henderson, P.A., Tampa, FL, John H. Killeen, STephanie E. Parker, G. Mark Cole, Page A. Pate, L. Christine Lawson, Jones, Day, Reavis & Pogue, Atlanta, GA, for R.J. Reynolds Tobacco Co. in No. 96–1710–C.V.–T–17B.

C. Lawrence Stagg, Margaret Diane Mathews, Pedro F. Bajo, Jr., Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Lorillard Tobacco in No. 96–2281–C.V.–T–17B.

Nancy J. Faggianelli, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, John H. Killeen,Stephanie E. Parker, G. Mark Cole, Page A. Pate, L. Christine Lawson, Jones, Day, REavis & Pogue, Atlanta, GA, for R.J. Reynolds Tobacco Co. in No. 96–2285–C.V.–T–17B.

A. Broaddus Livingston, Nancy J. Faggianelli, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Philip Morris, Inc. in No. 96–2285–C.V.–T–17B.

Daniel F. Molony, William A. Gillen, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for Brown & Williamson in No. 96–2294–C.V.–T–17B.

Brett J. Preston, Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, for R.J. Reynolds Tobacco Co. in No. 97–580–C.V.–T–17B.

A. Broaddus Livingston, Carlton, Fields, wArd, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Philip Morris, Inc., in No. 97–580–C.V.–T–17B.

F. Wallace Pope, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Winn-Dixie Super Markets, Inc. in Nos. 97–580–C.V.–T–17B, 97–582–C.V.–T–17B.

## ORDER

KOVACHEVICH, Chief Judge.

The following cases have been consolidated for the limited purposes of addressing Defendants' Motion to Dismiss Count III. In Case No. 96–1683, the motion is Dkt. 9; in Case No. 96–1689, the motion is Dkt. 10; in Case No. 96–1695, the motion is Dkt. 7; in Case No. 96–1698, the motion is Dkt. 7; in Case No. 96–1701, the motion is Dkt. 7; in Case No. 96–1707, the motion is Dkt. 10; in Case No. 96–1710, the motion is Dkt. 11; in Case No. 96–1712, the motion is Dkt. 9; in Case No. 96–1716, the motion is Dkt. 6; in Case No. 96–2281, the motion is Dkt. 10; in Case No. 96–2285, the motion is Dkt. 14; in Case No. 96–2294, the motion is Dkt. 14.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991). The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. All that is required is "a short and plain statement of the claim." Fed. R. C.V.. P. 8(a)(2). The Federal Rules have adopted this "simplified pleading" approach because of "the liberal opportunity for discovery and other pretrial procedures ... to disclose more precisely the basis of both claim and defense ..." *Conley,* at 47–48, 78 S.Ct. at 103. The purpose of notice pleading is to reach a decision on the merits and to avoid turning pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.*

## DISCUSSION

Defendants in the above consolidated cases seek to dismiss Count III in its entirety pursuant to Fed. R. C.V.. P. 12(b)(6). Similar motions to dismiss were presented to United States District Judge Susan C. Bucklew. This Court adopts the order of Judge Bucklew, dated March 25, 1997, as set out below:

The Defendants contend Count III fails to state a cause of action because the complaint fails to allege an underlying tort or wrong. The Tobacco Defendants' argument breaks down into three points. First, the Defendants contend that to the extent Count III is premised upon the underlying torts or wrongs of negligence, strict liability or intentional strict liability, Count III fails to state a claim. Second, Defendants argue that to the extent Count III is premised upon the underlying wrong or tort of constructive fraud and deceit, it fails to state a claim. Finally, Defendants maintain Count III fails to state a claim to the extent it is alleged as a "stand alone" claim.

While Plaintiffs' response addresses all three arguments, the apparent emphasis is that Count III also alleges actual fraud. Plaintiffs note that Count III alleges the Defendants "intentionally did not make material disclosures" and that "proven allegations of intent, surely would make the Defendant(s) more culpable rather than less and such proof would enhance the showing of fraud which is alleged."

Pursuant to Fed. R. C.V.. P. 12(b)(6), the Court can only dismiss Count III if it appears beyond doubt that "plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. The Court cannot dismiss Count III "merely because plaintiff's allegations do not support the theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." 5A CHARLES ALLEN & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 337 (2d Ed.1990).

■ The second paragraph of Count III clearly states that the Tobacco Defendants "actively participated in a civil conspiracy to commit constructive fraud and deceit." However, a complete reading of the complaint reveals that Plaintiffs also appear to allege actual fraud. For example, in and around paragraph twenty-six, the Plaintiffs allege:

> The conspirators agreed among themselves to positively and intentionally assert to plaintiff, in a manner not warranted by the information possessed by the conspirators, that is was safe for plaintiff to smoke cigarettes while the conspirators knew it was unsafe to do so. Additionally, the conspirators suppressed medical and scientific data and other knowledge regarding health hazards and the addictive properties of their cigarettes and they thereby caused plaintiff to be and remain ignorant thereof. The conspirators also actively and intentionally concealed such information and/or they were silent in the face of a duty to speak. Moreover, their agreed deliberate concealment and deceit was continuing and repetitious thereby demonstrating additional malice.

Accordingly, the Count cannot be dismissed pursuant to Fed. R. C.V.. P. 12(b)(6) for failure to state a cause of action. The complaint does allege actual fraud and actual fraud can serve as the underlying wrong or tort for a claim of civil conspiracy.

■ Nonetheless, Defendants' motions do challenge whether allegations of constructive fraud can serve as the underlying claim for Plaintiffs' civil conspiracy claim. However, given the intertwined allegations of fraud and constructive fraud in Count III, this Court is unable to analyze the argument raised by Defendants. Although Fed. R. C.V.. P. 8(e)(2) allows a party to set forth two or more statements of a claim alternatively, Count III does not appear to state alternative claims, but rather two intermingled claims, which as noted above, jointly escape dismissal under Rule 12(b)(6) because of the allegations of actual fraud. Accordingly, Plaintiffs should amend the complaints, separating the claims in Count III, so that the claim of conspiracy to commit constructive fraud can be properly analyzed. This conclusion is further supported by Rule 8(e)(1)'s requirement that "[e]ach averment of a pleading shall be simple, concise and direct." Count III certainly does not meet this requirement. Courts have required a count with intermingled allegations to be separated into distinct counts. *Papantonio v. Giannini,* 149 F.2d 813 (9th Cir.1945); *Windsor v. A Federal Executive Agency,* 614 F.Supp. 1255 (M.D.Tenn.1984); *aff'd,* 767 F.2d 923 (6th Cir.1985).

Accordingly, the Court dismisses Count III because it does not comply with Rule 8(e)(1)'s direction that pleadings be "simple, concise and direct." Plaintiffs shall have twenty-five days from the date of this order to file an amended complaint. The amended complaint shall separate into distinct counts the claim of conspiracy to commit actual fraud and the claim of conspiracy to commit constructive fraud.

Accordingly, it is **ADJUDGED AND ORDERED** that Defendants' Motions to Dismiss (Dkt. 9 in Case No. 96–1683; Dkt. 10 in Case. No. 96–1689; Dkt. 10 in Case No. 96–1695; Dkt. 7 in Case No. 96–1698; Dkt. 7 in Case No. 96–1701; Dkt. 10 in Case No. 96–1707; Dkt. 11 in Case No. 96–1710; Dkt. 9 in Case No. 96–1712; Dkt. 6 in Case No. 96–1716; Dkt. 10 in Case No. 96–2281; Dkt. 14 in Case No. 96–2285; and Dkt. 14 in Case No. 96–2294) are **GRANTED IN PART.** Although Count III contains sufficient allegations of actual fraud, the complaint commingles and intertwines the allegations of actual fraud and constructive fraud such that the complaint fails to clearly articulate the theory upon which it proceeds. **The Plaintiffs shall have twenty-five days from the date of this order to file an amended complaint.**

The amended complaint shall separate into distinct counts the claim of conspiracy to commit actual fraud and the claim of conspiracy to commit constructive fraud.